**Ex parte SACKETT.**

**No. 7704.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 21, 1935.

Peirson M. Hall, U. S. Atty., and Leo V. Silverstein, Asst. U. S. Atty., both of Los Angeles, Cal., for petitioner.

Charles W. Cradick, George K. French, and Roy E. Jackson, all of Los Angeles, Cal., and H. W. Glensor, of San Francisco, Cal., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The petitioner was an authorized and acting special agent in charge of the Division of Investigation in the United States Department of Justice. By a subpœna duces tecum issued out of the District Court of the United States for the Southern District of California, Central Division, in Special Site Sign Company, a Corporation, v. Foster & Kleiser Company, a Corporation, et al., petitioner was required to produce certain records and documents in his possession as such agent of the Department of Justice. He appeared in response to the subpœna and declined to produce the documents called for by the subpœna duces tecum on the ground that by section 65 of Rules and Regulations of the Division of Investigation of the United States Department of Justice, approved and promulgated by the Attorney General, he was prohibited from producing the records, and that in addition he had communicated with the Attorney General of the United States and had been informed by him "that the documents sought are part of the official and confidential records of the Department, that it is against public policy for the Department to produce any part of the documents obtained confidentially when the purpose for which documents are sought is for the furtherance of private litigation." The petitioner refused to submit such documents for examination in the civil case in which the subpœna was issued upon the ground that he was prohibited by the departmental rule from so doing, that he was also prohibited by the special order of the Attorney General from producing papers, and that it was against public policy to produce such documents because they were part of the confidential and official files of the Division of Investigation of the United States Department of Justice.

The trial court adjudged the petitioner guilty of contempt of court "in failing to answer whether or not he has certain records in his possession and in declining to produce same if they are in his possession, and directed that he stand committed to the custody of the United States Marshal until such time as he complies with the order of the court."

It appears from the subpœna duces tecum attached to the petition for writ of habeas corpus and from the return of the marshal that the documents demanded are copies of correspondence and contracts and other private documents of Foster & Kleiser Company which were made by the Bureau of Investigation of the Department of Justice in connection with the institution and prosecution of a suit by the United States government to enjoin the continuance of activities in violation of the Sherman Anti-Trust Law (15 USCA §§ 1–7, 15 note), and that the action in which such informa-

tion is desired by the parties is a private action brought to recover the damages and penalty imposed by that act. The claim of the Special Site Sign Company which secured the subpœna duces tecum is that the private records and correspondence of Foster & Kleiser Company have been destroyed, and for that reason they need to use the copies of such instruments made by the agents of the government in the course of its investigation.

It will be assumed, as determined by the trial judge, that these documents are material evidence in the case in which their production is sought and that the sole question involved herein is whether or not the petitioner, a subordinate in the Department of Justice of the United States government, may be compelled to produce documentary evidence in the custody of the Department. The statute of the United States, 5 USCA § 22, Rev. St. § 161 (see footnote[1]), authorizes the Attorney General to make rules concerning the custody of the papers and documents of the Department. In pursuance of this authority, the Attorney General has promulgated the rule (No. 65) as shown in the footnote.[2] This regulation has the force of law, and the court had no jurisdiction or power to punish an officer for conforming to that law. Boske v. Comingore, 177 U. S. 459, 20 S. Ct. 701, 706, 44 L. Ed. 846; Caha v. U. S., 152 U. S. 221, 14 S. Ct. 513, 38 L. Ed. 415; In re Valecia Condensed Milk Co. (C. C. A.) 240 F. 310.

In Boske v. Comingore, supra, the Supreme Court of the United States sustained a rule of the Treasury Department with relation to the custody of documents, etc., similar to the rule adopted by the Attorney General with reference to the records of his de-

---

[1] 5 USCA § 22: "Departmental regulations. The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

[2] Section 65 Rules and Regulations of the Division of Investigation, United States Department of Justice, issued and approved by the Attorney General:

"*Records and Information.*—All records and information in the offices of the Division of Investigation are in the custody and control of the division for the purpose of the detection and prosecution of crimes against the United States or the preparation of cases in which the United States is or may be a party in interest. Employees have no control over such records or information, with regard to permitting the use of same for any other than official purposes, except in the discretion of the Attorney General or an Assistant Attorney General acting for him. Employees are hereby prohibited from presenting such records or information in a state court, whether in answer to a subpœna duces tecum or otherwise. Whenever a state court subpœna shall have been served upon them they will appear in court and respectfully decline to present the records or divulge the information called for, basing their refusal upon this rule.

"If division records or information are desired for use in a state court or for the use of parties to a suit or habeas corpus proceedings in the Federal Court, and if the United States is not a party in interest, employees shall inform the persons interested that they are prohibited by the rules of the Department of Justice from furnishing official records or information direct; that official records or information may only be furnished by the Attorney General after the court has made rule upon him for same. Whenever such rule of the court shall have been made, employees shall carefully prepare or procure a copy of the record or statement of information called for and forward the same to the division, whereupon it will be referred to the Attorney General, and under the seal of the department, transmitted to the judge or the court calling for it, unless it shall be found that circumstances or conditions make it necessary to decline in the interest of public policy to furnish the information.

"With regard to employees testifying on official matters of a confidential nature in a Federal court, consideration must be given to each individual case as it arises. The division will offer every possible assistance to the courts. Nevertheless, the question of disclosing privileged information is a matter entirely in the discretion of the head of the department, and should an attorney for a defendant attempt to compel an employee to disclose sources of official information or similar matter deemed to be confidential, the employee shall respectfully decline to answer. If his reasons are requested by the court, he shall courteously state that the matter is privileged and can not be disclosed without specific approval from the department. The United States attorney should be promptly consulted and his advice followed."

partment. It was there held that such a regulation was not inconsistent with law, was valid and binding upon the courts, and in effect held that under such a regulation the head of the department became the exclusive custodian of the records. In that regard the court said:

"In our opinion the Secretary [of the Treasury], under the regulations as to the custody, use, and preservation of the records, papers, and property appertaining to the business of his department, may take from a subordinate, such as a collector, all discretion as to permitting the records in his custody to be used for any other purpose than the collection of the revenue, and reserve for his own determination all matters of that character."

In view of the fact that under these regulations the documents, although physically in the possession of the witness, are in law in the custody of the Attorney General, and he is prohibited from producing them by the lawful rule of the Department, the court had no power or authority to compel him to do so. Whether or not the Attorney General could be compelled to produce such records in response to a subpœna or to testify concerning them is a matter which is not involved. In that regard, see 25 Op. Atty. Gen. page 326.

The petitioner is discharged from custody.