**FLEMING, Adm'r of Wage and Hour Division, United States Department of Labor, v. BERNARDI.**

Civil Action No. 20362.

District Court, N. D. Ohio, E. D.

Feb. 21, 1941.

625

George A. McNulty, of Washington, D. C., and William T. McKnight, of Cleveland, Ohio, for plaintiff.

Payer, Corrigan, Bleiweiss & Cook, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This action seeks an order enjoining defendant from violating the provisions of the Fair Labor Standards Act of 1938, Title 29, Section 201 et seq. U.S.C., 29 U.S.C.A. § 201 et seq. The answer admits the identity of the defendant and that the product which he manufactures, as well as the raw materials from which it is manufactured, are sold, transported, and delivered in interstate commerce. The answer specifically denies that the defendant has violated or is now violating the provisions of the Fair Labor Standards Act. The defendant attached to the answer the following interrogatory: "State the names of the employees to whom the plaintiff alleges the defendant paid wages less than that prescribed by the Fair Labor Standards Act of 1938, and the period during which such employees worked for the defendant."

The plaintiff interposed an objection to the interrogatory on two grounds:

(1) To require the plaintiff to answer the questions propounded by the interrogatory would disclose information in the government's files, which information is confidential and privileged;

(2) The interrogatory merely constitutes a "fishing expedition" on the part of the defendant to ascertain the identity of the government's employee-witnesses and to delve into the government's evidence.

The defendant bases his interrogatory upon Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This rule has been very liberally interpreted. It is generally considered that the purpose of the rule is to afford parties full information regarding facts involved in the issues in suit. About the only limitation or requirement is that the information sought be relevant. Nichols v. Sanborn Co., D.C., Mass.1938, 24 F.Supp. 908;

Boysell v. Colonial Coverlet Co., Inc., D.C. Tenn.1939, 29 F.Supp. 122; Schwartz et al. v. Howard Hosiery Co., D.C.Pa.1939, 27 F.Supp. 443. The relevancy of the information sought here is not questioned. There is no dispute that upon trial the plaintiff would have to disclose the names of employees involved in the charge of violation of the Act.

Plaintiff supports his objection to the interrogatory by maintaining that the information requested is privileged, and by asserting that disclosure of such information would interfere with the policy of the Administrator regarding enforcement of the Act. That government files and records may be protected as confidential by departmental regulations is well established. Boske v. Comingore, 1900, 177 U. S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Ex parte Sackett, 9 Cir., 1935, 74 F.2d 922. If this were a suit between private parties, and a subpoena were issued to the Administrator to produce his files, he might very well decline under the law which protects privileged documents. The "leading English case" which plaintiff relies on (Smith v. The East India Co., 1841, 1 Ph. 50, 41 Reprint 550), states that communications should be protected from disclosure "at the suit of a particular individual." But this suit is not between private parties. Here the Administrator is himself the plaintiff and seeks a decree of this court. It seems that when a party seeks relief in a court of law, he must be held to have waived any privilege, which he otherwise might have had, to withhold testimony required by the rules of pleading or evidence as a basis for such relief.

As stated above, it is not disputed that at the time of trial the Administrator would have to disclose the information sought by the interrogatory. And it would no doubt be conceded that if the action were between two private persons, the plaintiff would be compelled to comply with the interrogatory. But, because the plaintiff here is a governmental agent, he considers himself exempt from the rule as to interrogatories. The privilege, however, which the Administrator claims is in conflict with the rules of pleading and the rules of evidence. In order therefore to gain the relief sought it is necessary for the plaintiff to comply with the conditions precedent to the granting of such relief and, to that extent, surrender the right of

secrecy. He must either give up his privilege to withhold pertinent evidence or he must abandon his suit for relief.

Many of the cases cited by the plaintiff in support of his objections are distinguishable from this case in that they seek files, records, and documents of governmental agencies. The case most nearly in point is Andrews v. Trelles, U.S.Dist.Ct., Eastern Div. of Louisiana, Civil Action File No. 97, April 6, 1939.[1] There the subpoena duces tecum called for the investigation file. The quashing of the subpoena was a proper order. In this case however the interrogatory does not ask for the government's file or records, but only for information within the knowledge of the plaintiff.

Plaintiff also cites cases which say that public records of investigations are analogous to the records of grand jury proceedings. But even an indictment returned by the grand jury must disclose sufficient facts or it will be quashed. If this action were a prosecution for a violation of the law, the charge would have to be specific as to the violation. The defendant would certainly be entitled to the names of the employees whom he is charged with underpaying.

■■ Plaintiff maintains that the giving of such information would interfere with a sound policy of law enforcement because employees would be intimidated and would decline to furnish information to the Administrator through fear of retaliation by the employer. This argument is based upon the assumption that employers will violate the law. This court cannot act upon that assumption. The presumption is that the law will be obeyed and that, if it is not, the violator will be prosecuted. The law upon which plaintiff founds his action expressly forbids discrimination by an employer "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding", etc. Sec. 215(3), Title 29 U.S.C., 29 U.S.C.A. § 215(3).

■ The Administrator may well keep secret all communications until he takes action in court based upon such information; but then he must disclose such information if it is required by the rules of criminal or civil procedure as a foundation for such action.

Objection overruled.

[1] No opinion, case dismissed by consent.