**BREWER et al. v. HASSETT, Collector of Internal Revenue.**

**Civil Action No. 1017.**

District Court, D. Massachusetts.

Feb. 4, 1942.

W. A. Barrows, Palmer, Dodge, Barstow, Wilkins & Davis, and E. L. Twomey, all of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This case comes before the court on a motion by the plaintiffs, in accordance with Rule 37(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to compel Sidney H. Litner, an Internal Revenue Agent, to answer questions on deposition. The questions asked concern statements made by the plaintiff Brewer to Litner. Litner objects to answering on the ground that the testimony is irrelevant and incompetent, and also on the ground that he received the statements while acting in his official capacity and the regulations of the Treasury Department forbid its disclosure.

By Rule 26(b) of the Federal Rules of Civil Procedure "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any other party". Under this provision it seems proper to require the witness to answer the questions. The answers sought would no doubt form part of the defendant's case, since they would be admissions by a party-opponent and may be used by the defendant in direct or cross-examination.

In numerous decided cases, plaintiffs who had given a statement to agents of the defendants' insurers have been allowed to inquire into its contents by deposition. Price v. Levitt, D.C., 29 F.Supp. 164; Kulich v. Murray, D.C., 28 F.Supp. 675; Bough v. Lee, D.C., 28 F.Supp. 673; and Colpak v. Hetterick, D.C., 40 F.Supp. 350. The analogy to the testimony sought in the instant case is clear.

The questions therefore must be answered unless some privilege protects the answers from disclosure. I see no merit in defendant's claim that such a privilege protects all information gained by Internal Revenue Agents in their official capacity. The plaintiffs are not seeking for use in private litigation the files, records, or documents whose production might be prohibited by regulations or statute. Cf. Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846. They want to know the content of statements the existence of which they know about and which, in all probability, will be used by the defendant at the trial. The privilege from disclosure accorded to official documents is granted because public policy requires secrecy of the proceedings of certain branches of government, that these branches may better serve the public interest. There are no such considerations here where the Collector is a party to the suit. Cf. Fleming v. Bernardi, D.C., 1 F.R.D. 624.

The motion is allowed.