**UNITED STATES ex rel. BAYARSKY v. BROOKS et al.**

**Civil Action No. 1956.**

District Court, D. New Jersey.

Oct. 1, 1943.

Joseph J. Weinberger, of Passaic, N. J., for plaintiffs.

Milton, McNulty & Augelli, of Jersey City, N. J. (John Milton and Thomas McNulty, both of Jersey City, N. J., of counsel), for defendants.

FAKE, District Judge.

Motion is made by the plaintiff Bayarsky for leave to take the testimony of certain defendants. He relies upon Rule 26 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendants resist on the ground that this qui tam action founded upon R.S. § 3490, 31 U.S.C.A. § 231, involves a "forfeiture" and Rule 81 (a) (2) excuses them from complying and also that they are excused upon the ground of double jeopardy.

It is made clear in United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 388, 87 L.Ed. ——, that the instant suit, which relies upon the same statutes as those dealt with in the above cited case, is a civil action insofar as the double damages are concerned and also that the $2,000 "forfeit and pay" allegation is likewise civil in nature. Hence the argument that this case is criminal in nature and double jeopardy is involved must fail.

Rule 81(a)(2) provides that the Rules of Civil Procedure shall not apply where a forfeiture of property under a Federal Statute is involved except to the extent that the practice in such proceeding is not set forth in Statutes of the United States. As we have seen, this is a civil action; but is a forfeiture involved? In the United States ex rel. Marcus v. Hess case the Supreme Court says, in distinguishing between civil and criminal proceedings: "Special consequence cannot be drawn from the use of the word 'forfeiture'." Here the question arises as to whether the use of the word "forfeiture" in Rule 81(a) (2) intends anything more than forfeiture in its technical sense wherein an action in rem is involved. No forfeiture of any specific property or money is contemplated here, and we are now concerned only with a civil penalty to be collected and paid over in the event of plaintiffs' success. It is my view that Rule 81(a) (2) cannot be applied

to restrict the full force of Rule 26 in this case. The motion to take testimony is therefore granted.

Motion is also made for an "order compelling the production of the books and papers of the defendants, namely the following"; then follows only a list of the names of defendants. Rule 34 of the Rules of Civil Procedure provides for the inspection and production of "designated" books and papers. Here there is an insufficient designation. See Welty v. Clute et al., D. C., 29 F.Supp. 2; Sonken-Galamba Corp. et al. v. Atchison, T. & S. F. Ry. Co. et al., D.C., 30 F.Supp. 936, and Kenealy v. Texas Co., D.C., 29 F.Supp. 502.

An order to show cause was issued directed to the United States District Attorney, the Chief Clerk of the Works Progress Administration and the Chief Clerk of the Procurement Division of the United States Treasury Department in this district, calling upon each of them to show cause "why they should not be directed to furnish the information to the plaintiff for the purpose of enabling the plaintiff to answer the demand for a bill of particulars required by one of the defendants" and allowed by the court.

The order to show cause contained a clause providing service upon the "United States District Attorney of New Jersey for and on behalf of the within named parties."

The United States District Attorney appeared pursuant to the above mentioned order and refused to comply, citing as follows:

"Section 22 of Title 5, U.S.C. [5 U.S.C.A. § 22] provides (§ 22. Departmental Regulations. The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it.)

"In conformity with that the Attorney General of the United States on May 2, 1939 made Order No. 3229, which is as follows:

"Pursuant to authority vested in me by R.S. § 161 (U.S. Code, Title 5, Section 22 [5 U.S.C.A. § 22]), it is hereby ordered:

"All official files, documents, records and information in the offices of the Department of Justice, including the several offices of United States Attorneys, Federal Bureau of Investigation, United States Marshals, and Federal penal and correctional institutions, or in the custody or control of any officer or employee of the Department of Justice, are to be regarded as confidential. No officer or employee may permit the disclosure or use of the same for any purpose other than for the performance of his official duties, except in the discretion of the Attorney General, The Assistant to the Attorney General, or an Assistant Attorney General acting for him.

"Whenever a subpoena *duces tecum* is served to produce any of such files, documents, records or information, the officer or employee on whom such subpoena is served, unless otherwise expressly directed by the Attorney General, will appear in court in answer thereto and respectfully decline to produce the records specified therein, on the ground that the disclosure of such records is prohibited by this regulation."

The service on the United States Attorney above noted can have no effect as against the Works Progress Administration, which is extinct, nor can it have any effect upon the Treasury Department in the absence of anything to indicate the authority of the United States Attorney to represent it in this case.

The position taken by the United States Attorney in refusing to comply must be sustained for the reasons set forth in Ex Parte Sackett, 9 Cir., 74 F.2d 922. See also Bank of America National Trust & Savings Ass'n v. Douglass, 70 App.D.C. 221, 105 F.2d 100, 123 A.L.R. 1266. The Rule directed to the United States Attorney is dismissed.

Nothing herein shall be construed as having any bearing upon a situation which would arise in the event of service upon the head of a department.