**WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. COMET CARRIERS, Inc.**

District Court, S. D. New York.

April 10, 1944.

Irving Rozen, Senior Atty., of New York City (Douglas B. Maggs, Sol., Archibald B. Cox and Irving J. Levy, Associate Sols., all of Washington, D. C., and John K. Carroll, Regional Atty., of New York City, and Robert A. Levitt, Associate Atty., of Brooklyn, of counsel), for plaintiff.

Lester Grossman, of New York City, for defendant.

CAFFEY, District Judge.

I.

The defendant moves for an order directing the plaintiff "to produce and permit the inspection and copying" of documents. These consist of affidavits, statements and transcripts of interviews and interrogatories by employees of the defendant. As I understand, and shall assume, all those papers are in the possession or under the immediate control of the plaintiff. He received one set of the papers preceding and another set subsequent to the commencement of the action.

The motion is made pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

In express terms the rule prohibits granting the relief sought with respect to

papers which are "privileged." In consequence, an initial inquiry and one into which it is essential to go, is whether the writings sought are "privileged." If they are, the court cannot properly direct them turned over to the defendant. If they are not, then several additional questions must be answered before a determination can be reached.

## II.

In 1913 the Department of Labor, as a branch of the Government separate from the Department of Commerce, was established (37 Stat. 736, c. 141, section 1, 5 U.S.C.A. § 1) and the provisions of chapter 1 of what became title 5 of the United States Code Annotated were made applicable to it, 5 U.S.C.A. § 611. Among those provisions is what was long included in Section 161 of the Revised Statutes and is now embodied in Section 22 of Title 5 of the United States Code Annotated. That section is as follows:

"The head of each department [of the ten departments named in section 1] is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

## III.

Pursuant to the authority conferred on the Secretary of Labor by the statutory provision just quoted, about fifteen years ago a regulation was adopted (Article III, sections 1 and 2; hereinafter, for convenience, called the regulation) which is applicable to the entire Department of Labor and which in substance (1) prohibits any document in the custody of the department or of any of its branches or of any of its officials being taken or withdrawn by any person not officially connected with the department, to which prohibition there shall be no exception "without the written consent of the Secretary" and (2) prohibits a copy of any such document being furnished "to any person except with the written consent of the Secretary."

## IV.

In 1938, by Section 4 (a) of the Fair Labor Standards Act, a Wage and Hour Division was created in the Department of Labor and placed under the charge of an Administrator having the title of Administrator of the Wage and Hour Division (29 U.S.C.A. § 204(a). The plaintiff now occupies that position.

## V.

Neither the Secretary of Labor nor the plaintiff nor, so far as appears, anyone else connected with the plaintiff has given consent, in writing or otherwise, to any of the documents involved in this case being turned over to or examined or copied by the defendant or by anybody in its behalf.

■ Unless I fail to discharge my duty I think it is indisputable, therefore, that the regulation, if valid, constitutes an insuperable obstacle to my directing that the documents sought pass to or to my granting permission to their being copied by the defendant.

What I have just stated seems to me true because, in the sense of the word as used in Rule 34, obviously the documents are "privileged" in event the Secretary was authorized to promulgate the regulation. In other words, if he was so empowered, then when adopted the regulation entitled the department to retain the documents without their being copied.

Accordingly, I shall take up the inquiry with respect to the validity of the regulation.

## VI.

■ My comment on the question of validity will be brief. There is no occasion for extensive discussion because the Supreme Court has specifically ruled that the regulation is valid. The decision so holding which perhaps is most frequently cited on the point is Boske v. Comingore, 177 U.S. 459, 467–470, 20 S.Ct. 701, 44 L. Ed. 846. See also Ex parte Sackett, 9 Cir., 74 F.2d 922, 923, 924, and Federal Life Ins. Co. v. Holod, D.C.M.D.Pa., 30 F.Supp. 713, 714.

As I understand counsel for the defendant he relies chiefly on Fleming v. Bernardi, D.C.N.D.Ohio, 1 F.R.D. 624, for his contention to the contrary. It seems to me, however, that for the most part the decision is distinguishable and in other respects it sustains my view.

In the first place, the principal question arose, under Rule 33, on an objection to an interrogatory. It did not concern production or revelation of a document from the files of the Department of Labor. Indeed,

it seems to me that the court there recognized the difference.

In the second place, the opinion contains two statements which I interpret as indicating that as to documents the judge writing agreed with my holding in the present case. At page 625, of 1 F.R.D. (right hand column, in the first complete paragraph) he remarked, "That government files and records may be protected as confidential by departmental regulations is well established." Again, on page 626, of 1 F.R.D. appears the following:

"Many of the cases cited by the plaintiff in support of his objections [to the interrogatory addressed to him] are distinguishable from this case in that they seek files, records, and documents of governmental agencies. * * * There [referring to a case in the United States District Court for one of the Louisiana districts] the subpoena duces tecum called for the investigation file. The quashing of the subpoena was a proper order. In this case however the interrogatory does not ask for the government's file or records, but only for information within the knowledge of the plaintiff."

As I construe the extracts quoted from the opinion in the Bernardi case, I feel that they directly sustain the conclusion I have reached.

## VII.

I think it would be useless to go further into the authorities. The Supreme Court having definitely ruled favorably to the position taken by the plaintiff in the instant case, I think also there is no occasion for discussing other reasons urged by plaintiff's counsel in support of that position.

## VIII.

It follows that the motion should be denied. Settle order on two days' notice.