## BOWLES v. ACKERMAN et al.

District Court, S. D. New York.

Jan. 9, 1945.

John D. Masterton, Chief Enforcement Attorney, New York Metropolitan Operat-

ing Office, of New York City (Julius Roth, Enforcement Attorney, of New York City, Paul L. Ross, Regional Enforcement Executive, of New York City, Elliott L. Biskind, Chief, General Litigation Branch, Litigation Section, of New York City, on the brief), for plaintiff.

Joseph N. Klapper, of New York City, for defendants.

BRIGHT, District Judge.

Plaintiff asks for a reargument of a motion made by him, and denied, to vacate a notice to take the deposition of Julius Roth, an Enforcement Attorney, associated with the attorney for the plaintiff, in the New York Metropolitan operating office of the Office of Price Administration, and also to vacate a subpoena duces tecum served upon Mr. Roth.

The motion originally was based upon the affidavit of Mr. Roth, which stated, in substance, that he was such Enforcement Attorney, that he had no knowledge of the facts that could properly be adduced in evidence, and that the sole purpose of the notice was to annoy, embarrass and harass him.

The complaint seeks a permanent injunction restraining the defendants from selling or delivering women's, misses' and children's clothing at prices in excess of maximum prices established by regulations numbered 287, as amended, and for treble damages to the extent of $150,000. It alleges in count (1) that between December 15, 1942, and June 29, 1943, defendant sold and delivered garments at prices in excess of the regulations mentioned; and in count (2) that the aggregate amount by which the consideration in the transactions mentioned in count (1) exceeded the maximum prices equals more than $50,000, and three times said amount equals more than $150,000.

The notice sought to be vacated states that the deposition of Mr. Roth will be taken orally at the time and place therein mentioned, pursuant to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The subpoena duces tecum, served since the denial of plaintiff's original motion, calls for the production of "all copies or photostatic copies of bills, invoices, charges and memoranda and all other data taken by the plaintiff from the books and records of the defendants and which form the basis of plaintiff's complaint."

Plaintiff now seeks a reargument, contending for the first time that the testimony and documents sought are confidential material and are so declared to be by Section 202(h) of the Emergency Price Control Act of 1942, as amended, and by plaintiff's general order No. 55.

Section 202(h) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 922 (h), provides, "The Administrator shall not publish or disclose any information obtained under this Act that such Administrator deems confidential or with reference to which a request for confidential treatment is made by the person furnishing such information, unless he determines that the withholding thereof is contrary to the interest of the national defense and security."

The Administrator is authorized, under Section 201(d) of the Act, 50 U.S.C.A.Appendix § 921(d), to "issue such regulations and orders as he may deem necessary or proper in order to carry out the purposes and provisions" of the Act. Purporting to act under that section, general order No. 55 was issued on April 6, 1944, and provides, in part:

"1. All official files, documents, reports, memoranda and other written material, whether in the regional or district offices, in any war price and rationing board, defense-rental area office, or in the National Office of the Office of Price Administration, shall be considered to be in the exclusive control and custody of the Office for the purpose of administering and effectuating the policies of the Emergency Price Control Act of 1942, as amended, and the Second War Powers Act of 1942. Officers or employees of the Office of Price Administration shall permit the inspection, examination, disclosure or other use of such material only to the extent required or authorized by an applicable regulation or order or in accordance with the provisions of this order.

"2. No information obtained under the Emergency Price Control Act, as amended, or under the Second War Powers Act which has been declared to be confidential under the National War Agencies Appropriation Act of 1944, or which has been deemed and expressly designated as confidential by the Administrator, or with regard to which a request for confidential treatment is made by the person furnishing such information, shall be disclosed or published unless the Administrator has

262

made a determination that the withholding of such information would be contrary to the interests of national defense and security.

"3. Any Regional Administrator or District Director may, subject to such instructions as may be issued by the Administrator, authorize the disclosure of information obtained under the Emergency Price Control Act of 1942 or the Second War Powers Act of 1942, which is not governed by section 2 of this order, if he determines that such disclosure will be in the public interest.

\* \* \* \* \* \*

"5. Any officer or employee of the Office of Price Administration who is directed by subpoena, subpoena duces tecum, or other process to disclose any official information or produce any official files, documents, reports, memoranda, or other papers or copies thereof, shall appear in court in response thereto, but shall, in the absence of express authorization to the contrary, respectfully decline to make any disclosure or produce any such files, documents, or other papers or testify with regard thereto, on the ground that such disclosure is prohibited by this order."

When the plaintiff saw fit to submit himself to the jurisdiction of this court, which he did by the bringing of this action, he at the same time became amenable to the rules of Civil Procedure which, "govern the procedure in the district courts of the United States in all suits of a civil nature." Rule 1. I am sure it was not the intention of Congress by Section 202(h) to disturb the orderly procedure provided for by those rules, which permit the taking of the testimony of "any person, whether a party or not", at the instance of a party, Rule 26(a), "regarding any matter, not privileged, which is relevant to the subject matter", Rule 26(b); and provide for a subpoena to produce the books, papers and documents designated therein. Rule 45(b). Fleming v. Bernardi, 4 F.R.S. 33.333, Case 1; Brewer v. Hassett, D.C., 2 F.R.D. 222; United States v. General Motors Corporation, D.C., 2 F.R.D. 528; Walling v. Richmond Screw Anchor Co., Inc., 4 F.R.D. 265; United States v. Andolschek, 2 Cir., 142 F.2d 503–506.

It is obvious that defendants are seeking the evidence obtained by plaintiff's investigators from them, and which, undoubtedly, will be used upon the trial of the case against them. Such evidence cannot be said to be privileged. And if it is to be revealed on the trial, and comes from the defendants, it can hardly now be said to be confidential. That this is so more clearly appears from plaintiff's moving affidavit and brief that he has offered to furnish defendants, by means of answers to written interrogatories, with all information to which they may be entitled.

I am unable to appreciate the fairness of an argument that one party may obtain evidence from another, upon which it seeks an injunction of wide application and to hold the latter to liability in a large penalty, and may refuse to reveal that evidence, where required by orderly procedure in the suit brought, on a claim that it is confidential. The further claim that its enforcement staff is too busy to spare the time involved in such examinations does not impress.

I am, of course, aware of the cases, claimed to justify a regulation such as Order. 55, of Boske v. Comigore, 177 U.S. 459–467–470, 20 S.Ct. 701, 44 L.Ed. 846; Ex parte Sackett, 9 Cir., 74 F.2d 922, 923; Federal Life Insurance Co. v. Holod, D.C., 30 F.Supp. 713, 714; Stegall v. Thurman, D.C., 175 F. 813, and Walling v. Comet Carriers, Inc., D.C., 3 F.R.D. 442. But, I think they are all distinguishable from the present for the reason, among others, stated by Judge Learned Hand in United States v. Andolschek, supra [142 F.2d 506] (a criminal case, to be sure, but stating a principle equally applicable here), "While we must accept it as lawful for a department of the government to suppress documents, even when they will help determine controversies between third persons, we cannot agree that this should include their suppression in a criminal prosecution, founded upon those very dealings to which the documents relate, and whose criminality they will, or may, tend to exculpate. So far as they directly touch the criminal dealings, the prosecution necessarily ends any confidential character the documents may possess; it must be conducted in the open, and will lay bare their subject matter. The government must choose; either it must leave the transactions in the obscurity from which a trial will draw them, or it must expose them fully."

Aside from this, defendants seek only to procure the information obtained from them. In Boske v. Comigore, a regulation, in terms very similar to Order 55, was approved. A Collector of Internal

Revenue was discharged from imprisonment under an order adjudging him in contempt for failure to produce documents in his possession for use in a state court action to which he was not a party, a distinction drawn in the Andolschek case and in Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., D.C., 55 F.Supp. 65. In Ex parte Sackett, a similar situation is revealed as in the Boske case—an attempt to procure through a special agent documents in the possession of the Attorney General, for use in private litigation to which neither the special agent, the Attorney General, or the United States were parties. In Federal Life Ins. Co. v. Holod, supra, the action likewise was not against a Selective Service Board, the production of whose records as to the defendant were sought to be compelled through defendant's consent. In Stegall v. Thurman the facts were similar to those in the Boske case. In Walling v. Comet Carriers, supra, Judge Caffey refused to compel plaintiff, in a wage and hour case, to produce affidavits, statements and transcripts of interviews with defendant's employees.

The motion for a reargument is granted, and my original order denying the motion to vacate will stand, except the examination of Mr. Roth will be limited to evidence procured from the defendants upon which plaintiff will and does rely as the foundation for this action. The motion to quash the subpoena duces tecum is also denied, in so far as it seeks the production of similar evidence.

Settle order on notice.