**FOWKES et al. v. DRAVO CORPORATION.**
Civil Action No. 4415.

District Court, E. D. Pennsylvania.

Dec. 28, 1945.

See also 62 F.Supp. 361.

Francis W. Sullivan, of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., by Charles R. Sheidy, Asst. U. S. Atty., of Reading, Pa., for Dravo Corporation.

KALODNER, District Judge.

This is an action to recover overtime compensation allegedly due under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The matter has not progressed to the point where it is ready for determination on the merits, but it is now before the Court for a ruling on the right of certain witnesses to refuse to answer questions or to produce certain documents.

It should be noted that, during the period for which overtime pay is sought to be recovered, the defendant operated under a "cost plus" contract with the Navy Department. Accordingly, the United States Attorney for the Eastern District of Pennsylvania has entered his appearance on behalf of the defendant. The United States, however, was not made a party to the action, and no appearance has been entered on its behalf.

The defendant corporation, in letters dated April 25 and 27, 1945, requested of the Treasury Department permission for the plaintiffs' attorneys to examine certain documents and correspondence filed with the Salary Stabilization Unit in Philadelphia, and such permission was granted to a limited extent. There is no attempt here to prevent such examination.

However, on November 8, 1945, subpoenas were issued by the Clerk of this Court to J. C. Parry, formerly employed at the Philadelphia office of the Salary Stabilization Unit, and to Barber C. Palmer, now acting head of that office, requiring each to appear and to produce "all reports, documents, and applications filed by Dravo Corporation, with the Salary Stabilization Unit at Philadelphia, Pennsylvania, from the time of the establishment of said

unit to the present time." They were also commanded to testify on behalf of the plaintiffs herein. At the time of appearance, the witnesses respectfully refused to testify or to produce the documents referred to in the subpoenas, pursuant to instructions given them by the Deputy Commissioner of Internal Revenue.

Justification for this conduct is based upon Treasury Regulation 12, Article 80, and Treasury Department Circular No. 591 (1938), promulgated by the Secretary of the Treasury pursuant to authority conferred upon him by Section 161, Revised Statutes, 5 U.S.C.A. § 22.[1] The Regulations provide that no records or copies thereof may be given out, nor may employees or officers testify to facts which come to their knowledge in their official capacities, unless prior approval is obtained. The Circular also provides a method by which permission may be obtained for securing documents and for taking testimony.

The validity of Section 161, and of regulations adopted by the Secretary of the Treasury pursuant thereto, similar to those involved here, were upheld by the Supreme Court in Boske v. Comingore, 1900, 177 U. S.459, 20 S.Ct. 701, 44 L.Ed. 846. Plaintiffs, however, assert, in effect, that there is no justification for the application of the principle of that case to the instant situation, relying especially on Standard X-Ray Co., Inc., v. United States (N.D. Ill., 1940), 3 Fed. Rules Serv. 34.42, Case 2 (opinion withdrawn), and 4 Wigmore, Evidence, (1905 Ed.) p. 3340. The plaintiffs take the position that the asserted privilege does not obtain in an action in which the Government is a "litigant or a vitally interested party."

Insofar as the privilege here involved is concerned, the distinction between private and public actions has, indeed, been made. Cf. Brewer v. Hassett, D.C.Mass., 1942, 2 F.R.D. 222; United States v. General Motors Corp., D.C.N.D. Ill., 1942, 2 F.R.D. 528, citing several pertinent opinions of the Attorney General; see Fleming v. Bernardi, D.C.N.D. Ohio, 1941, 1 F.R.D. 624, and Bowles v. Ackerman, D.C.S.D. N.Y., 1945, 4 F.R.D. 260. These cases, however are distinguishable, for here the United States is not a party plaintiff, nor is the Salary Stabilization Unit, of which the demand is made, a party to the action, or even interested in the merits.

As the case now stands, moreover, I am not convinced that an order of the Court is appropriate at this time. This Court is reluctant to interfere in the functioning of the executive departments, especially when it does not clearly appear that the desired results cannot be achieved without the assertion of the drastic judicial power which plaintiffs request. Thus, it is not shown that the Treasury Department has refused, finally, the permission to testify or to produce. Circular No. 591 conditions the giving of documents which are confidential in nature upon the filing of an application with the Secretary, and conditions permission to testify upon the filing of an affidavit. A statement of the interest of the applicant, the purpose for which the material is desired, and the information wanted, is necessary. These are not unreasonable.

In this case, I have not been advised, and the record does not show, that recourse was had to the prescribed procedures. That the witnesses appeared and refused to comply with the subpoenas upon order of the Commissioner is not decisive. The letter of the Commissioner to one of the witnesses, as it is reproduced in the record, indisputably leaves upon the proper avenues of procedure:

"* * * the information desired of you appears to be information obtained by you in your official position. Consequently, such information may not be disclosed otherwise than in accordance with the provisions of Treasury Department Circular 591."

The Treasury Department has already granted plaintiffs' counsel permission to examine certain records at the offices of the Salary Stabilization Unit. It cannot be assumed that the Department will refuse the requested permission until it has done so, and that opportunity should be accorded it. Insofar as the government is concerned as the defender of the Dravo Corporation, it may well argue that one reason for the privilege is the protection afforded to those upon whom there is an honest duty to make disclosures of business secrets to a governmental agency. See Bank of America Nat. Trust & Savings Ass'n v. Douglas, 1939, 70 App.D.C. 221, 105 F.2d 100, 123 A.L.R. 1266. But it should be noted that the very

---

[1] "The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

Act under which the plaintiffs are proceeding, the Fair Labor Standards Act, is declarative of the public policy with regard to wages, and thus removes, to a large measure, the characteristic shield of "business secrecy." Likewise, it does not rest well with the government to insist upon withholding such information merely on the theory that disclosure would have an untoward effect on the government's case from the point of view of a litigant.

However, where the public interest requires that the information and documents be kept undisclosed, that interest ought not to be encroached upon, and the Secretary of the Treasury, in whom the custody of the matters sought herein is reposed, should be permitted the opportunity of making the initial decision.

Accordingly, the order prayed for will be denied at this time.