**UNITED STATES v. BEEKMAN et al.**

No. 246.

Circuit Court of Appeals, Second Circuit.

April 26, 1946.

J. Vincent Keogh, of Brooklyn, N. Y., (Vine H. Smith and Maurice Z. Nungard, both of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

William J. Grace, of Brooklyn, N. Y. (I. Maurice Wormser, of New York City, and William J. Grace, of Brooklyn, N. Y., of counsel), for defendants-appellants.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Beekman was convicted on ten counts, Harris on three. The conviction on counts 12 and 13, on which actual prison sentences were imposed, are, of course, appealable. As to the remaining counts, the judgments suspended execution of sentence on some, and suspended imposition of sentence on others, but placed defendants on probation in either event. Since the decision in Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497, it has been settled that a defendant may appeal from a judgment of conviction which suspends imposition of sentence and places the defendant on probation, as well as from a judgment which imposes sentence and suspends execution thereof. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204.

2. The government argues that the trial court properly ruled that the OPA records, concerning the four government witnesses, Puma, Mondello, Barth, and Stulgaitis, need not be produced pursuant to a subpoena duces tecum. Two reasons are advanced: (a) That, assuming that those records would have disclosed that those witnesses had been in some way punished by OPA, such evidence was "not admissible for any purpose" and was "collateral"; (b) that, in any event, under the statute and Regula-

tions, these records were inadmissible because they were "confidential."

 We accept neither of those reasons. It needs no lively imagination to perceive that persons who have been disciplined by such a government agency, and who are still in a business subject to its supervision, might be facile witnesses against other alleged offenders. Consequently, records which show that they had thus been disciplined bear importantly on their bias. It follows that such evidence is admissible, not "collateral." Wigmore, Evidence, §§ 1020, 1022. We have recently held that when the government institutes criminal proceedings in which evidence, otherwise privileged under a statute or regulation, becomes importantly relevant, it abandons the privilege. United States v. Andolschek, 2 Cir., 142 F.2d 503;[1] cf. United States v. Krulewitch, 2 Cir., 145 F.2d 76, 156 A.L.R. 337.[1]

 Accordingly, the trial judge should have read the records to determine whether they contained data showing previous disciplining of these witnesses. The ruling in United States v. Ebeling, 2 Cir., 146 F.2d 254, 256, 257, is not applicable; for here defendants' counsel could not ask that the documents be sealed and made part of the record for appeal purposes, since the trial judge held they need not be produced in court. As these four witnesses gave important testimony affecting the charges under counts 1, 2, 3, 5, 6, 11 and 12, the convictions on those counts cannot stand.

 3. There is nothing to show that the requested OPA records contained anything about the government witnesses Amesti or Kolster. Their testimony is sufficient to support the conviction of Beekman on counts 4, 10, and 13. Counts 4 and 10 do not relate to Harris, and these witnesses gave no testimony affecting him on count 13. Consequently, the judgment against Harris cannot stand.

 4. We see no error in the refusal of the judge to hold objectionable the reference of government counsel in his summation to the significance of defendants' failure to call as witnesses two book-keepers (Beekman's daughter and one Friedman). It is sometimes said that no inference can be drawn against a party for failure to call a witness equally available to both parties, and some courts have indicated that it is error for counsel to comment on such failure. We agree with Wigmore's criticism of that rule.[2] Even if that rule were to be followed, it would not apply where there is likelihood of bias on the part of the person not called as a witness in favor of one party, for then that person is not, in a true sense, "equally available" to both parties; and, except in unusual circumstances, a party's employees come within that category.

 5. There is no merit in the contention that the information should have been dismissed on the ground that it fails to allege that the OPA Administrator, certified the facts to the Attorney General pursuant to § 905 of the Act. See United States v. Tantleff, 2 Cir., 1946, 155 F.2d 27.

Reversed and remanded as to Harris on all counts.

Reversed and remanded as to Beekman on counts 1, 2, 3, 5, 6, 11 and 12; affirmed as to Beekman on counts 4, 10 and 13.

---

[1] See also Bowles v. Ackerman, D.C., 4 F.R.D. 260.

[2] Wigmore, Evidence, § 288: "Yet the more logical view is that the failure to produce is open to an inference against both parties, the particular strength of the inference depending on the circumstances. To prohibit the inference entirely is to reduce to an arbitrary rule of uniformity that which really depends on the varying significance of facts which cannot be measured." Cf. United States v. Cotter, 2 Cir., 60 F.2d 689, 692.