## BANK LINE, Limited, v. UNITED STATES (two cases).

### THE SHIRRABANK.

### THE P. C. 472 and others.

### THE WINSUM.

District Court, S. D. New York.
April 1, 1948.

Haight, Griffin, Deming & Gardner, of New York City, for libelant.

John F. X. McGohey, of New York City, and Edward L. Smith, Sp. Asst. to Atty. Gen., for respondent.

Burlingham, Veeder, Clark & Hupper, of New York City (Adrian J. O'Kane, of New York City, of counsel), for respondent Royal Netherlands Government et al.

RIFKIND, District Judge.

This is an application by the Bank Line, Ltd., for the relief authorized by Supreme Court Admiralty Rule 32C, 28 U.S.C.A. following section 723, because of the failure of the United States to comply with the order of the District Court "to submit to libelants' proctors for inspection and copying the record of said Naval Inquiry at Casablanca, except any portion of said record which deals solely with disciplinary action or proceedings, if any, directed, recommended or taken against naval personnel."[1]

The nature of the litigation, the circumstances under which the order was made and the authorities bearing upon the enforcement of the order have all been stated in Bank Line v. United States, 2 Cir., 1947, 163 F.2d 133. Familiarity with that opinion will here be assumed.[2] It is not disputed that the order would be both proper and enforceable if made in a litigation between private parties. All that remains to be added is that the United States has filed a cross-libel against the steamship Shirrabank and The Bank Line relating to the same collision; that the United States has persisted in its refusal to comply with

[1] Since the motion is founded on all the "proceedings heretofore had herein" I take it that libellant does not ask for production of findings or opinions of the Board of Inquiry. Bank Line v. United States, 2 Cir., 1947, 163 F.2d 133, 136.

[2] In that case the Circuit Court denied the petition of the United States for a writ of prohibition and/or mandamus to restrain the enforcement of the order. The Court there suggested, by way of obiter, certain statutes, decisions, regulations and opinions "for consideration of the District Court in connection with any application which may be made for enforcement of its orders to produce the record of the testimony taken before the Board of Inquiry." In accordance with this suggestion, I shall reconsider the bases upon which the original order rests.

the order of the district court;[3] and that the relief sought by the instant motion is intended to apply to the cross-libel as well as the two proceedings in which the order was made.

In order to limit the scope of the pending question, as well as the decision, it may be useful to put the question in its proper category. Disclosure of papers in the possession of the government may be sought in cases in which the government is merely a witness[4] and in cases in which it is a party. This case is of the latter variety. The government may be the party complainant or the party defendant. In this case it occupies both roles. The information to be discovered may relate to the military or diplomatic activities of the government or to what the government's proctor calls its "housekeeping."[5] This case belongs in the latter classification. The government in its brief has disclaimed any considerations of military security as a reason for its unwillingness to disclose.

The ground assigned by the government is as follows:

"The Government maintains that such publicity would greatly hamper and impede orderly administration by requiring administrative agencies to adopt safeguards as to the type of evidence and inquiry permitted in its housekeeping investigation."

It seems to me that two public interests are here in conflict. The first is that justice shall be done between litigants. The conflicting interest is that asserted by the government in the secrecy of its housekeeping records. That the latter public interest exists the courts are not privileged to question. Which policy is to prevail?

In criminal cases the choice has been left to the government. The government is given the option either to reveal all evidence within its control which bears upon the charges, or to let the offense go unpunished—at least where the evidence is held by officials who are themselves charged with the administration of those laws for whose violation the accused has been indicted. United States v. Grayson, 2 Cir., 1948, 166 F.2d 863.[6] Thus the party charged with the maintenance of both policies must choose between them as each opportunity presents itself.

Heretofore I have expressed the view that a similar choice is presented to the government in proceedings upon a writ of habeas corpus initiated by an enemy alien held for removal. United States ex rel. Schlueter v. Watkins, D.C., S.D.N.Y., 1946, 67 F.Supp. 556, 560, 561, affirmed 2 Cir., 1946, 158 F.2d 853.

In Bowles v. Ackerman, D.C., S.D.N.Y., 1945, 4 F.R.D. 260, Judge Bright held that the Price Administrator by instituting an action disabled himself from urging the privilege in support of his refusal to disclose evidence in his possession.

It seems to me but a short step, and a necessary one, from these premises to the argument that where the government is the complainant in a civil suit for damages it should likewise be required to make its own choice—to resolve on its part which of two conflicting public interests it prefers in any particular instance. The argument advanced by the government that the privilege is that of the Navy Department whereas suit is prosecuted by the Department of Justice for the benefit of the Treas-

---

[3] The refusal is based upon the authority of Article C-15 of the Navy Department Courts and Boards, 34 Code of Fed. Reg., Section 12.15, promulgated pursuant to 5 U.S.C.A. § 22.

[4] Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, and Ex parte Sackett, 9 Cir., 1935, 74 F.2d 922, are cited most frequently for the proposition that assertion of executive privilege must be sustained by the courts. Both involved litigation in which the United States was not a party. Writs of habeas corpus were granted in both cases, releasing the federal agent from incarcera-

tion on contempt charges for refusal to testify. To the same effect are In re Huttman, D. C., D. Kan., 1895, 70 F. 699; In re Weeks, D. C., Vt. 1897, 82 F. 729; In re Lamberton, D.C., S. D., Ark. 1903, 124 F. 446; Stegall v. Thurman, D.C., N. D. Ga., 1910, 175 F. 813. The rationale of these decisions has been subjected to vigorous criticism in 8 Wigmore, Evidence, § 2378a, p. 795.

[5] See President Jefferson's letter quoted in 8 Wigmore, Evidence, page 799.

[6] See also United States v. Beekman, 2 Cir., 1946, 155 F.2d 580; United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503.

ury Department, and that the Navy Department, not exercising any discretion as to institution of litigation, cannot be deemed to have waived its privilege, has already been frowned upon in . United States v. Grayson, supra. The several departments are all agencies of one government, possessed, theoretically, at least, of a single will. When that will is exercised in favor of litigating its claims it is thereby exercised in favor of surrendering the conditional privilege of suppressing its housekeeping secrets when these are useful in the ascertainment of liability.

It is a somewhat longer step to the conclusion that the privilege is surrendered when the government is a party defendant. The government cannot be made a party defendant without its consent; and I assume that the government could have annexed to its consent an absolute privilege of non-disclosure of information in its possession. To the extent that it would have made the assertion of some claims against the government futile, it would amount to a constriction of the scope of the government's consent.

Congress has not here so circumscribed its consent to be sued. 46 U.S.C.A. §§ 741, 742, 743, 781, 782. On the contrary, § 743 directs that the principles of law and the rules of practice obtaining between private parties shall prevail. The consent, being general, amounts to an endorsement of the libel with the sovereign's command "Soit droit fait al partie". (Let right be done to the party).[7] But right cannot be done if the government is allowed to suppress the facts in its possession.

Perhaps there is an area of military and diplomatic secrets where the national interest must prevail even at the expense of private justice. Such an instance is Duncan v. Cammell, Laird & Co. [1942] A.C. 624, which incidentally, did not involve the sovereign as a party. Only one case, Walling v. Comet Carriers, Inc., D.C., S.D.N.Y., 1944, 3 F.R.D. 442, has come to my attention, where the government's conditional privilege has been successfully asserted as a bar to disclosure of relevant evidence in its possession where the government, by its consent or initiative, was party to the litigation and the evidence did not involve military or diplomatic secrets.[8] Other cases have rejected the privilege in such a situation.[9]

Nor is there any validity to the government's contention that in light of the fact that the party here seeking discovery is a British subject and seeks relief with respect to the kind of government records which the British courts would refuse a United States citizen in a similar cause of action, the reciprocity provisions of the Public Vessels Act, 46 U.S.C.A. § 785,[10] should bar relief. The relief is sought by libelant in pursuance of a procedural right, after it had won access to our courts; so that, even assuming the truth of the government's contention, the reciprocity provision would have no application.

---

[7] See Cooper's Equity, 1809, 22, 23.

[8] The Wright, (The Papoose), D.C., E.D.N.Y., 1932, 2 F.Supp. 43, 45, denied discovery, but not on the basis of privilege. A motion for an order directing the United States to make discovery of certain evidence taken before a Naval Board of Inquiry was denied because of the expense involved, the fact that the Inquiry formed "no part of the documents in this suit," and that no adequate showing was made in the affidavits to warrant such a broad right of discovery. The reasoning of this case does not control, since the Circuit Court in its denial of the motion for a writ of prohibition in the instant litigation explicitly stated that the information sought would have to be produced by the government if it were a private party.

[9] Walling v. Richmond Screw Anchor Co., D.C., E.D.N.Y., 1943, 4 F.R.D. 265; Bowles v. Ackerman, D.C., S.D.N.Y., 1945, 4 F.R.D. 260; Fleming v. Bernardi, D.C., N.D. Ohio 1941, 4 F.R.D. 270; Brewer v. Hassett, Collector, D.C., D. Mass., 1942, 2 F.R.D. 222.

[10] "§ 785. Suits by nationals of foreign governments.

"No suit may be brought under this chapter by a national of any foreign government unless it shall appear to the satisfaction of the court in which suit is brought that said government, under similar circumstances, allows nationals of the United States to sue in its courts."

I conclude that no adequate cause has been shown why the order of the district court should not be complied with.[11]

What consequences shall be attached to the government's failure to comply? Rule 32C provides a considerable choice. I think the order should not be coercive, but, as carefully as possible, do no more than remove the inequality which the refusal has created. That, I think, will be accomplished by an order prohibiting the government from introducing evidence relating to the issue of the side of the channel on which the collision occurred, unless within twenty days it complies with the previous order of the district court. If I have miscalculated and the relief appears either excessive or inadequate, I shall hear counsel on the settlement of the order on five days' notice.

---

[11] See Pike and Fischer, Discovery Against Federal Administrative Agencies, 1943, 56 Harvard Law Rev., 1125, 1129; 2 Moore's Federal Practice, § 34.05, n. 1; 8 Wigmore Evidence, §§ 2378a and 2379.