CONTINENTAL CASUALTY COM-
PANY, Plaintiff,

v.

W. Logan DICKERSON and W. P. Dick-
erson & Son, Inc., Defendants and
Third-Party Plaintiffs,

v.

A. J. MARSOLINO, t/d/b/a Marsolino
Construction Company and Marsolino
Construction Company, a corporation,
Third-Party Defendants.

Civ. A. No. 69–770.

United States District Court,
W. D. Pennsylvania.

March 15, 1972.

---

Jack W. Plowman, Pittsburgh, Pa., for plaintiff.

Edmund K. Trent, Pittsburgh, Pa., for defendants and third-party plaintiffs.

Herman M. Buck, Uniontown, Pa., for third-party defendants.

## MEMORANDUM OPINION AND ORDER

WEBER, District Judge.

Plaintiff, a surety company, was surety on construction bonds of Third-Party Defendant, Marsolino. Both Marsolino and Defendants Dickerson agreed to indemnify Plaintiff for any loss. Marsolino ran into financial difficulties and Plaintiff was required to supervise Marsolino's finances and pay out monies of its own to satisfy Marsolino's creditors. Plaintiff brought suit against the co-indemnitors Dickerson for the amount of payments made on behalf of Marsolino and Dickerson brought a third-party action against Marsolino for indemnity.

Michael Hanna, a Certified Public Accountant, had provided accounting and audit services for Marsolino for several years, beginning prior to the events involving this case and continuing up to the present. During the years from 1964 to 1968, after Marsolino's default, he had also performed certain accounting services for Plaintiff in the nature of financial supervision of Marsolino's accounts.

After the institution of this suit Defendants noticed the deposition of Hanna. During the course of that deposition a dispute arose and now Plaintiff moves for a protective order to restrain further discovery from Hanna and to restrain Defendants from using certain information and documentary exhibits prepared by Hanna in the course of the discovery proceedings.

Plaintiff relies on the accountant-client privilege created by Pennsylvania Statute in "The C.P.A. Law", 63 P.S. § 9.1 et seq., which provides, inter alia:

> "Except by permission of the client . . . a certified public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant . . . The information derived from or as the result of such professional services shall be deemed confidential and privileged: . . . ".[1]

Plaintiff attempts to draw a fine distinction in its claim of privilege. Plaintiff does not object to the discovery concerning records prepared by Hanna for Plaintiff, conceding that these fall within the exception of the statute pertaining to audits.

However, at the conclusion of one session of the depositions Hanna stated that he believed that there were accounting records available at the Marsolino office from which he could make a reconstruction of the flow of funds involved, and he subsequently undertook this study and prepared a summary of that information. It was at the continuation of the deposition after the preparation of this summary that Plaintiff raised this present claim of privilege. Re-stated Plaintiff claims that the maters being inquired into went beyond the services that Hanna rendered to Plaintiff, the reports of which were not being objected to, and inquired into matters which Hanna became familiar with during his period of service for Plaintiff. Hanna's services for Plaintiff have been completed and he now continues in the

---

[1]. It should be noted that the statute speaks of "information" as being confidential and privileged, rather than a "communication" as is the case in the lawyer-client privilege [28 P.S. § 320] and the husband-wife privilege [28 P.S. § 316]. The Pennsylvania physician-patient privilege also refers to "information" [28 P.S. § 328].

service of Marsolino, an adverse party. Plaintiff argues that the accountant-client relationship between Hanna and Plaintiff from 1964 to 1968 confers this privilege and prevents disclosure of anything learned by Hanna during the period arising from this relationship.

Marsolino has made no objection to the disclosure. Its counsel at the deposition brought forth testimony showing that all the information sought and all the information used to prepare the summaries sought to be introduced as exhibits in the discovery deposition had been compiled from Marsolino records which Hanna had prepared in his capacity as Marsolino's accountant, that none of the information or exhibits came from any material or records placed in his possession by Plaintiff.

The Pennsylvania Statute provides that "Except by permission of the client". At all times here Marsolino was Hanna's client. Marsolino raises no objection. The source of the information is Marsolino's books that Hanna, as Marsolino's accountant, prepared for Marsolino. The testimony and exhibits elicited did not relate to Hanna's employment by Plaintiff.

Plaintiff claims that Defendants are attempting to exploit the relationship between it and Hanna. We gather that Plaintiff feels that Defendants, by these inquiries, are attempting to take unfair advantage of Plaintiff's investment in Hanna's services. But Hanna testified that he has a charge of $4,470.32 for the development of the information and the summaries prepared which are now in controversy and that he intends to bill Marsolino for this work.

We conclude that if there is any confidential privilege to the information sought, that privilege is Marsolino's, and Marsolino raises no objection.

Plaintiff has cited one case involving the physician-patient privilege, Alexander v. Knight, 197 Pa.Super. 79, 177 A. 2d 142 [1962], where the trial court, whose opinion was affirmed per curiam, by way of dicta criticized plaintiff's

physician for rendering a report on plaintiff's condition to an investigating physician employed by defendant for a fee of $50 without his patient's consent. The trial court did not feel that this was significant in the case, but nevertheless felt that this was not a very nice thing for the plaintiff's physician to do, and so stated. The court did say, however, that "The doctor, of course, owes a duty to conscience to speak the truth; he need, however, speak only at the proper time." This statement recognizes the exception that when a plaintiff brings an action for personal injuries he is deemed to consent to the material testimony of any physician who has prescribed for or treated him for such injury, as provided by the Pennsylvania statute, 28 P.S. § 328.

The C.P.A. Law contains no specific exceptions for lawsuits, but we find the rationale of such exceptions to a claim of privilege asserted in a lawsuit compelling. See 8 Wigmore on Evidence, § 2389 [1961 ed.].

The Courts have indicated that the waiver is broad:

" 'It seems that when a party seeks relief in a court of law, he must be held to have waived *any* privilege, which he otherwise might have had, to withhold testimony required by the rules of pleading or evidence as a basis for such relief. . . . He must either give up his privilege to withhold pertinent evidence or he must abandon his suit for relief.' " (emphasis supplied)

Fleming v. Bernardi, 1 F.R.D. 624 [N.D.Ohio, 1941, as quoted in Independent Productions Corp. v. Loew's, Inc., 22 F.R.D. 266, 277 [S.D.N.Y. 1958].

We conclude that if the information has any privileged character, the privilege is that of Marsolino and not of Plaintiff, and even if the privilege were Plaintiff's the privilege is waived to the extent that the information is material to Plaintiff's claim, or the defense thereto.