## UNITED STATES v. BONDY.

Docket No. 21188.

United States Court of Appeals
Second Circuit.

Dec. 23, 1948.

John F. X. McGohey, U. S. Atty., of New York City (Bruno Schachner, Roy M. Cohn, and Clark S. Ryan, Asst. U. S. Atty., all of New York City, Ira B. Kirkland, of Washington, D. C., and Alecia M. Conner, Office of Alien Property, of New York City, of counsel), for petitioner.

Root, Ballantine, Harlan, Bushby & Palmer, of New York City (John M. Harlan and Walter Pond, both of New York City, of counsel), for intervener Nelson Littell.

Harper & Matthews, of New York City (Ben A. Matthews, of New York City, of counsel), for intervener Lewis H. Marks.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is an application by the United States for leave to file a petition of mandamus to direct District Judge Bondy to vacate an order made by him on November 5, 1948 in a criminal case entitled United States v. Nelson Littell and Lewis H. Marks. The defendants in that case have been allowed to intervene in this proceeding in opposition to the Government's application. The order which the petitioner seeks to have vacated granted, in part, the defendants' motion for a bill of particulars and directed that the books, papers and documents designated in a subpoena served by the defendants upon the United States Attorney for the Southern District of New York be produced for inspection by the defendants and their attorneys prior to the trial. The petitioner contends that the terms of the order are so sweeping as to impose impossible standards of precision in pleading and, in effect, to require the United States to furnish the defendants in advance of the trial the evidence to be used against them.

Before the merits of the order can be reached, the jurisdiction of this court to grant the writ must be considered. Our power is defined in § 262 of the Judicial Code, which now appears as § 1651(a) of the 1948 Revision of Title 28 U.S.C.A. and reads as follows:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law."

We have no power to issue writs except in aid of our appellate jurisdiction. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185. The order complained of is interlocutory and not directly appealable. 28 U.S.C.A. 1948 Revision, §§ 1291, 1292; Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; United States v. Rosenwasser, 9 Cir., 145 F.2d 1015, 1018, 156 A.L.R. 1200. Most relevant is the statement in United States Alkali Ass'n v. United States, 325 U.S. 196, 203, 65 S.Ct. 1120, 1125, 89 L.Ed. 1554, that where "the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment, review by certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews." Even from final decisions in criminal cases, the United States may appeal to a court of appeals only as stated in the Criminal Appeals Act, 18 U.S.C.A. § 3731. Hence it would seem that Judge Bondy's order can never be reviewed by this court. See United States v. Janitz,

644

3 Cir., 161 F.2d 19, 21. Accordingly we have neither actual nor potential jurisdiction to review the order, and, since our power to issue the writ is only in aid of our appellate jurisdiction, the writ should not be granted.

The petitioner urges that we may restrain a district judge from acting beyond his jurisdiction and that the order complained of is of that character. We cannot so view it. Plainly the district court has power to grant a bill of particulars. This is expressly authorized by Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. So much of the order as directs production of the documents designated in the subpoena is authorized by Rule 17(c). The most that can be urged is that the order was so sweeping as to amount to an abuse of discretion; it did not deal with matters beyond the court's jurisdiction.

Motion denied.