**UNITED STATES v. MARYLAND & VIRGINIA MILK PRODUCERS ASS'N, Inc., et al.**

**Cr. No. 294–48.**

United States District Court
District of Columbia.

Dec. 2, 1949.

John J. Wilson, of Washington, D. C., for defendant Chesnut Farms-Chevy Chase Dairy Co., for the motion.

Robert H. Winn, of Washington, D. C., for the United States, opposed.

510

HOLTZOFF, District Judge.

In this prosecution for alleged violation of the Sherman law, 15 U.S.C.A. § 1 et seq., the defendants have applied for a subpœna duces tecum directing the Government to produce for the defendants' inspection all documents which the Government has obtained from any person who is not a party to this proceeding. In other words, the defendants seek a broad discovery of all documentary evidence that the Government has obtained in support of its case, with the exception of such material as is covered by the recently coined and apt term of "work product" of a lawyer.

Defendants seek to support their application by reference to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This rule relates to the issuance of subpœnas duces tecum and contains the following provision on which the defendants here rely: "The court may direct that books, papers, documents or objects designated in the subpœna be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

■ The purpose of this provision is a limited one. It is to make it possible to require the production before the trial of documents subpœnæd for use at the trial. Its purpose is merely to shorten the trial. It is not intended as a discovery provision.

■ In this case the proposed subpœna duces tecum is not intended to be used to secure evidence to be introduced at the trial, but is intended to be employed as a broad discovery for the purposes of inspecting all the documentary evidence in possession of the Government and which the Government intends to use at the trial.

■ It is well settled that in a criminal case, unlike a civil action, such a right of broad discovery does not exist. As I said before, Rule 17(c) was not intended to be a discovery provision, but merely a means to make a subpœna duces tecum returnable prior to the trial in order that time at the trial may be saved while documents are being examined and inspected.

In the light of these considerations, the motion is denied.