## UNITED STATES v. BOWMAN DAIRY CO. et al.

### No. 10080.

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1950.

Writ of Certiorari Granted Jan. 15, 1951.

See 71 S.Ct. 357.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., J. Roger Wollenberg, Sp. Asst. to Atty. Gen., Washington, D. C., Herbert A. Bergson, Asst. Atty. Gen., Charles H. Weston, Joe F. Nowlin, Sp. Assts. to U. S. Atty. Gen., Willis L. Hotchkiss, Paul Ford, Dorothy M. Hunt and Harry H. Faris, all of Chicago, Ill., for appellant.

L. Edward Hart, Jr., Leo F. Tierney, Charles L. Stewart, Jr., Charles F. Simon, all of Chicago, Ill., for Bowman Dairy Co. and others.

Howard Neitzert, Edwin Clark Davis, Walter J. Cummings, Jr., Joseph A. Greaves, all of Chicago, Ill., for Borden Co. and others.

Herman A. Fischer, Carlton L. Fischer, Delbert A. Clithero, all of Chicago, Ill., for American Processing & Sales Co.

Isidore Fried, Herbert B. Fried, Chicago, Ill., for Capital Dairy Co. and another.

Leo F. Tierney, Charles L. Stewart, Jr., Chicago, Ill., for Beloit Dairy Co. and another.

Thomas B. Gilmore, Chicago, Ill., for Hunding Dairy Co. and others.

Charles W. Schaub, Chicago, Ill., for Meadowmoor Dairies, Inc.

Campbell, Clithero & Fischer, Isidore & Herbert B. Fried, Mayer, Meyer, Austrian & Platt, Montgomery, Hart, Pritchard & Herriott, Packard, Barnes, Schumacher, Gilmore & Van Ness, and Sidley, Austin,

Burgess & Smith, all of Chicago, Ill., of counsel.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

The indictment herein charged eight corporations, all engaged in the milk business, and nine officers of such corporations with violation of Sec. 1 of the Sherman Act, 15 U.S.C.A. § 1, by conspiring to allocate, among such corporations, wholesale fluid milk customers in the Chicago area, and also to allocate the sales of fluid milk to certain public institutions located in said area.

The various defendants moved to dismiss the indictment, which motions were denied. Thereafter defendants moved for a bill of particulars, for discovery under Rule 16, and for a subpoena duces tecum under Rule 17(c), Federal rules of Criminal Procedure, 18 U.S.C.A.[1] The government did not object to the motion under Rule 16, which requested an order directing the attorney for the government to produce for defendants' inspection the documents, books and papers which the government had obtained from the defendants and other persons by seizure or process. The motion under Rule 17(c), to which objection was made, was for an order requiring Willis L. Hotchkiss, special assistant to the Attorney General and chief of the midwest office of the Anti-Trust Division of the United States Department of Justice, to produce documents, books and papers obtained by the government by means other than seizure or process.

The district court entered an order directing the attorney for the government to produce for defendants' inspection, books, papers and documents designated in a subpoena duces tecum, which defendants had theretofore served and filed. The subpoena directed Mr. Hotchkiss to produce " * * * all documents, books, papers and objects (except memoranda prepared by Government counsel, and documents or papers solicited by or volunteered to Government counsel which consist of narrative statements of persons or memoranda of interviews), obtained by Government counsel, in any manner other than by seizure or process, (a) in the course of the investigation by Grand Jury No. 8949 which resulted in the return of the indictment herein, and (b) in the course of the Government's preparation for the trial of this cause, if such books, papers, documents and objects, (a) have been presented to the Grand Jury; or (b) are to be offered as evidence on the trial of the defendants, or any of them, under said indictment; or

[1] **"Rule 16. Discovery And Inspection.** Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the government to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just.

"Rule 17. Subpoena.

"(a) For attendance of Witnesses; Forms; Issuance. A subpoena shall be issued by the clerk * * * and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, who shall fill in the blanks before it is served. * * *

"(c) For Production of Documentary Evidence and of Objects. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

(c) are relevant to the allegations or charges contained in said indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants."

The government's motions to quash the subpoena issued under Rule 17(c) and to set aside the order which directed compliance with the subpoena were denied. The grounds stated in the motion to quash were: (a) under Rule 17(c), Federal Rules of Criminal Procedure, a subpoena for the production of documents may not issue against an attorney for the government; (b) the court has no jurisdiction to order the attorney for the government to produce for inspection by the defendants the documents and other papers designated in a subpoena issued under Rule 17(c); and (c) the rights of defendants in criminal proceedings to obtain access to documents and other papers in the custody of attorneys for the government, as such term is defined in Rule 54(c) of the Federal Rules of Criminal Procedure, are limited to the rights granted to such defendants by Rule 16, Federal Rules of Criminal Procedure, and the application of such Rule 16 exhausts the rights of the defendants to secure access to such books, records and documents or other objects in the custody of an attorney for the government. Objection was also made that the subpoena called for the production of privileged documents, including among others documents which the government might have secured from confidential and voluntary informants and that the disclosure of such documents to defendants would be against public policy.

Hotchkiss submitted to the court a written statement in the form of an affidavit, which averred that all of the documents which the court had ordered produced were in his custody. After summarizing the reasons why he claimed the court did not have jurisdiction under Rule 17(c) to enter a pre-trial discovery order against an attorney for the government, he stated that, acting on the advice and instruction of the Attorney General of the United States and the Assistant Attorney General in charge of the Anti-Trust Division, he respectfully declined to comply with the court's order.

The court then entered an order finding Hotchkiss guilty of contempt of court and committed him to the custody of the Attorney General, to be held until such time as he complied with the provisions of the subpoena duces tecum, or until discharged from custody by due process of law. The matter before us is Hotchkiss' appeal from the order holding him in contempt of court.

It is readily apparent that Rule 16, Federal Rules of Criminal Procedure, is restricted in its scope. A defendant in a criminal case faces sharply defined limitations in securing access to documentary material in the hands of prosecuting attorneys of the federal government. The order granting access is directed to the attorney for the government. The only documents, papers, books and objects to which a defendant can have access are those obtained from or belonging to the defendant or such as were obtained from others by seizure or process. Furthermore, the defendant must make a showing (a) that the items sought may be material to his defense, and (b) that the request is reasonable.

The history of the development of Rule 16 shows that the limitations appearing therein were deliberately inserted. In May, 1943, the Advisory Committee in charge of formulating the new criminal rules released to the bench and bar of the country, for consideration and suggestion, the preliminary draft of such rules. The first predecessor to Rule 16 (Rule 19) provided broadly for discovery and inspection in this language: " * * * the court may order the attorney for the government to permit the inspection * * * of any designated * * * documents, * * * not privileged, * * *."

As proposed this rule was substantially identical to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., then in effect, which provided for inspecting, copying and photographing "of any designated documents, papers, books, * * * not privileged." To many members of the bench and bar who had assumed the law to be that the right of discovery was not recognized in criminal cases, the proposed

rule was undoubtedly a startling innovation. See: Shores v. United States, 8 Cir., 174 F.2d 838, 844. It had been stated as a recognized rule of law that at common law a defendant had no right of discovery in criminal cases. Wigmore, Evidence (3d Ed.), Sec. 1859g. In the second preliminary draft, issued by the Advisory Committee in February, 1944, the provision in the proposed rule on discovery and inspection (which in that draft was Rule 18) was narrowed to: "* * * designated books, * * * obtained from or belonging to the defendant, or constituting evidence in the proceeding, * * *."

The finally approved rule clearly reveals the standards set in the civil discovery rule (No. 34) were rejected in favor of an entirely new standard. In the Advisory Committee's Notes to Rule 16, all reference to civil rules was omitted, and the limited nature of the provision for discovery in criminal proceedings is emphasized. The note reads: "Whether under existing law discovery may be permitted in criminal cases is doubtful, United States v. Rosenfeld, 2 Cir., 57 F.2d 74, certiorari denied, 286 U.S. 556, 52 S.Ct. 642, 76 L.Ed. 1290. The courts have, however, made orders granting to the defendant an opportunity to inspect impounded documents belonging to him, United States v. B. Goedde & Co., D.C.E.D.Ill., 40 F.Supp. 523, 534. The rule is a restatement of this procedure. In addition, it permits the procedure to be invoked in cases of objects and documents obtained from others by seizure or by process, on the theory that such evidential matter would probably have been accessible to the defendant if it had not previously been seized by the prosecution. The entire matter is left within the discretion of the court."

Considering the history of Rule 16, which shows the evolution from the broad terms of its first draft to its final restrictive and limited terms, it is difficult to believe that the framers of the rule intended to authorize discovery and inspection of broad scope under Rule 17(c) pertaining to subpoena which was expressly prohibited by Rule 16 which is the rule intended to cover discovery and inspection. It does not make sense to have created in one rule a privilege of discovery limited to documents and papers belonging to the defendant or taken from others by seizure or process and at the same time to create in Rule 17(c) an almost unlimited right of discovery by use of the subpoena provisions.

In United States v. Maryland & Virginia Milk Producers Ass'n, Inc., et al., D.C., 9 F.R.D. 509, the defendants endeavored to obtain a subpoena duces tecum which required the government to produce all documents which it had obtained from any person not a party to the proceeding, whether by process or not. Judge Holtzoff denied the request and it is of significance that Judge Holtzoff was a member of the Advisory Committee which drafted the criminal rules. Judge Holtzoff stated in 9 F.R.D. at page 510:

"The purpose of this provision is a limited one. It is to make it possible to require the production before the trial of documents subpoenaed for use at the trial. Its purpose is merely to shorten the trial. It is not intended as a discovery provision.

"In this case the proposed subpoena duces tecum is not intended to be used to secure evidence to be introduced at the trial, but is intended to be employed as a broad discovery for the purposes of inspecting all the documentary evidence in possession of the Government and which the Government intends to use at the trial.

"It is well settled that in a criminal case, unlike a civil action, such a right of broad discovery does not exist. As I said before, Rule 17(c) was not intended to be a discovery provision, but merely a means to make a subpoena duces tecum returnable prior to the trial in order that time at the trial may be saved while documents are being examined and inspected."

In United States v. Brumfield, D.C., 85 F.Supp. 696, which was a conspiracy case, the defendant sought, under Rules 16 and 17, to have produced a voluntary statement of a co-defendant. The court said, 85 F.Supp. at page 707, that Rule 17(c) "is simply complementary to Rule 16 in providing for subpoena addressed to the party having possession of the docu-

ments, to produce them." It was the holding of the court that since the document had not been obtained by seizure or process, it was beyond the reach of subpoena issued under Rule 17(c). The court did indicate that if the co-defendant were a witness at the trial, the statement might be used for impeachment purposes.

In United States v. Hiss, D.C., 9 F.R.D. 515, the defendant endeavored to obtain papers from the Commissioner of Immigration and Naturalization. The court said, 9 F.R.D. at page 516: "To permit the subpoena and the ex parte order to stand would, it seems to the Court, set a precedent whereby defendants could promiscuously seek subpoenas under Rule 17(c) of the Federal Rules of Criminal Procedure * * * which the Clerk issues without question * * *."

The only case called to our attention holding to the contrary is United States v. Bondy, 2 Cir., 171 F.2d 642, a per curiam decision. The court there said, 171 F.2d at page 644: "* * * So much of the order as directs production of the documents designated in the subpoena is authorized by Rule 17(c). * * *"

The real holding in that case was that the Court of Appeals lacked jurisdiction to entertain the mandamus petition. In spite of the language used the opinion cannot be construed as a considered determination as to the character of documents which a subpoena may include or the purposes for which it may issue.

▮ Although the language of Rule 17(c) is broad, the rule is only one in an integrated group for the regulation of procedure in criminal cases in federal courts. It must be read with the other rules in mind, and particularly Rule 16. It should not be construed so that the carefully drawn limitations in Rule 16 become meaningless. It is our view that Rule 17(c) provides for the traditional type of trial subpoena, although as a matter of convenience it may be made returnable before the actual date of trial. However, it may not be converted into an unrestricted pre-trial discovery device.

The government's motion to quash the subpoena and to set aside the order which directed compliance therewith should have been granted. The order adjudging Willis L. Hotchkiss to be in contempt must be and hereby is

Reversed.

MAJOR, Chief Judge (concurring).

I agree with the result reached by Judge Duffy and with his reasoning, but I would go further and hold that Rule 17(c) imposes no obligation upon parties, either the defendants or the government, including their attorneys.[1] In my view, the rule is so plain and unambiguous as to leave little if any need for construction. More than that, I am unwilling to impute to the rule makers and those associated therewith, including Congress and the Supreme Court, such carelessness and indifference as is inherent in defendants' position and the argument made in its support.

In order to avoid repetition, I accept what appears to be an accurate statement of the facts as made by Judge Duffy. And I am not too much concerned with the cited authorities because they are so meager and uncertain as to furnish little if any light. In reality, the question posed is one of first impression. The pertinent and controlling language of 17(c) is the first sentence, "A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein." Two words contained in this sentence, "also" and "person", are significant and I think determinative. The dictionary definition of the word "also" is, "As something further; tending in the same direction; besides; as well; in addition." (Funk and Wagnalls New Standard Dictionary of the English Language.) The word as thus defined is no different than its common, every-day meaning. The word presupposes that a previous command has been made upon the

---

1. I would so hold notwithstanding what I regard as the ill-conceived admission made by counsel for the government on oral argument that the rule might apply to the government in some instances.

person who is directed to produce. What is this previous demand and who is the person to whom it is directed? The answer is found in 17(a), "A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, who shall fill in the blanks before it is served." Thus it is plain that under (a) a person to whom the subpoena is directed is required "to attend and give testimony", and under (c) such person may also be commanded "to produce the books, papers, documents or other objects designated therein." As Judge Duffy suggests, this is the traditional trial subpoena, and it is directed at a person in one instance to "attend and give testimony", and in the other to "also" produce the designated documents.

Evidently "person" refers to one subpoenaed as a witness and not to a party or an attorney. The theory of a party to a suit directing a subpoena to the opposite party or to an attorney is a novelty to me. The government in a criminal case and the plaintiff in a civil suit are in court of their own volition, and the defendants in a criminal case are in court by virtue of a warrant (sometimes a summons) and in a civil suit by summons. When thus in court they are at all times subject to its orders and command, and the same is likewise true of the attorneys of record for the respective parties, and it is an anomaly to think of a party requiring an opposing party or its attorney to do something at the command of a subpoena.

Rule 17 is entitled "Subpoena," and every paragraph from (a) to (g) inclusive demonstrates that it is directed at witnesses and not to parties. Paragraphs (a) and (c) may be utilized by the parties on both sides alike and either provision is brought into operation without motion and without a court order. The sole requirement is that the clerk issue a subpoena in blank under the seal of the court to a "party request-

ing it," which party is required to fill in the blank by inserting the name of the person to be subpoenaed as a witness and to designate the documents which such person is required to produce. 17(b) is for the benefit of "Indigent Defendants," and provides a procedure for obtaining the attendance of witnesses without cost. Such defendant is required to "state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed". 17(d) provides for the service of a subpoena "by delivering a copy thereof to the person named and by tendering to him the fee for 1 day's attendance and the mileage allowed by law." Is it conceivable that the "person named" has reference to a party or an attorney entitled to a fee for court attendance and for mileage? 17(e) provides that a subpoena requiring the attendance "of a witness at a hearing or trial" may be served any place within the United States, and a subpoena directed to a witness in a foreign country shall be issued and served as provided by statute.

A study of the Rules of Criminal Procedure is convincing that the rule makers carefully differentiated between such words and phrases as "government" or "attorney for the government" or "defendant" or "party" or "person." The rules state with precision as to when and to whom they are applicable. Illustrative is Rule 16, entitled "Discovery and Inspection". Judge Duffy has discussed this rule and the notes of the advisory committee. I need not add to what he has shown, except to emphasize that the rule is for the benefit of a defendant and can only be brought into operation by an order of court upon motion of the defendant. It is specifically directed at the "attorney for the government". And is there any reason to think that if Rule 17 is for the benefit of the defendant and is directed at "the attorney for the government", as the defendants here contend, that the rule makers would not have expressly so stated as was done in Rule 16? It borders on the absurd to argue for a construction of Rule 17(c) which would confer on a defendant an unlimited right of production by the government when

such right has been definitely limited in Rule 16 by exact and specific language.

That the word "person" when used in a statute does not include the sovereign unless it is clear from the context, legislative history and background of the statute that such effect was intended, has been held by the Supreme Court. United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071; United States v. United Mine Workers of America, 330 U.S. 258, 67 S. Ct. 677, 91 L.Ed. 884. In so holding, the court in the Cooper case stated 312 U.S. at page 604, 61 S.Ct. at page 743: "Since, in common usage, the term 'person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it", and the court further stated 312 U.S. at page 606, 61 S.Ct. at page 744: "Without going beyond the words of the section, the use of the phrase 'any person' is insufficient to authorize an action by the Government. This conclusion is supported by the fact that if the purpose was to include the United States, 'the ordinary dignities of speech would have led' to its mention by name * * *." In the United Mine Workers of America case, the court stated, 330 U.S. at page 275, 67 S. Ct. at page 687: "The Act [Norris-La-Guardia] does not define 'persons'. In common usage that term does not include the sovereign, and statutes employing it will ordinarily not be construed to do so. Congress made express provisions, R.S. § 1, 1 U.S.C. § 1, 1 U.S.C.A. § 1, for the term to extend to partnerships and corporations, and in § 13 of the Act itself [Norris-La-Guardia] for it to extend to associations. The absence of any comparable provision extending the term to sovereign governments implies that Congress did not desire the term to extend to them."

Defendants' construction of Rule 17 not only brings it in irreconcilable conflict with Rule 16 but strips the latter of all meaning. If such construction be accepted, I perceive no reason why a defendant would ever proceed under Rule 16. Why bother to go into court and obtain an order directing the government to make the limited production required under Rule 16 when much more could be obtained merely by filling in the blank space of a subpoena as provided for in Rule 17?

Defendants argue that "the authority granted by the terms of Rule 17(c) is discretionary." This is not correct as to the issuance of the subpoena which, as I have already shown, issues without motion and without order of court. The court has nothing to do with the subpoena until it has been issued and served. It is only subsequently thereto that the court is given any discretion, and the only novel feature contained in the provision, which I am able to detect, is the discretion lodged in the court to direct that the documents called for in the subpoena be produced before the court, prior to trial or prior to the time they are to be offered in evidence, and the discretion to permit the documents produced "to be inspected by the parties and their attorneys." Defendants, grasping at straws, profess to discern something in these last quoted words which fortifies their theory, but to my mind such words, if they have any signifiance, point in the opposite direction. Again, these words show how carefully the words "parties and their attorneys" were distinguished from the word "person."

Thus, as I read Rules 16 and 17, there is no conflict. Each is designed to serve a separate and distinct purpose. Rule 16 confers a limited privilege upon a defendant and to a like extent imposes an obligation upon "the attorney for the government". Rule 17 enables either party to obtain the attendance of a witness for the purpose of giving testimony, which witness may "also" be required to produce documents. In the latter event, the court may order such documents produced prior to trial and may permit their inspection by "the parties and their attorneys."

It is, therefore, my conclusion that the word "person", as used in Rule 17, does not include and is not applicable to the parties or their attorneys and that it provides for no command which may properly be directed to them. So there may be no mistake, I desire to emphasize that what I have said relates solely to the rule in controversy and has no reference to other

means which may be employed to obtain the production of documentary evidence.

LINDLEY, Circuit Judge (dissenting).

I am sorry that I can not agree with the majority. It seems to me that my brethren read Rule 17(c) out of the books,—completely delete it. Rule 16 provides for the production of certain documents. Rule 17 (c) authorizes a subpoena duces tecum,— an age-old expedient for securing the production of documents at the trial. However, it adds an innovation, in that the documents subpoenaed may be ordered produced prior to trial, for inspection. If we ignore this plain provision, then defendants may have only the documents mentioned in Rule 16; they may not have access to the additional documents authorized by 17(c); they are thereby completely prevented from employing the means provided by 17(c). Such a conclusion, it seems to me, does violence to the plain language of the rule.

That the documents subpoenaed were in the possession of the person to whom the subpoena was addressed is, as pointed out by Judge Duffy, admitted. Whether they were material or relevant was a question for the court. Why should the fact that the person who has the documents happens to be an attorney destroy the rule? I know of no principle of law that exempts from service and enforcement of a subpoena or from giving testimony one who has documents merely because he is an attorney in the case, whether for the complaining party or the defending party. Could the defendants successfully object to a similar subpoena served upon one of their counsel, commanding him to produce documents in his possession for inspection, as the rule provides, simply because it is addressed to one who is counsel in the case? I think not.

I agree with Judge Major that there is no conflict between the two rules and that each is "designed to serve a separate and distinct purpose." But I must part company with him when he concludes that we must absolve the government from compliance with a rule general in terms and applicable to any person merely because the person named in the subpoena happens to be a lawyer for the government.

I recognize that the extent of the relief to be granted under Rule 17(c) lies wholly within the discretion of the trial court, and were it appellant's contention that the District Court abused its discretion, we might have something to talk about. But no such question has been raised either in the trial court or here.