**UNITED STATES v. SCHNEIDER-
MAN et al.**

**Cr. No. 22131.**

United States District Court

Filed April 23, 1952.

Nunc Pro Tunc Jan. 11, 1952.

S. D. California, C. D.

406

Walter S. Binns, U. S. Atty., Norman Neukom, Asst. U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., all of Los Angeles, Cal., Lawrence K. Bailey, Special Asst. to the Atty. Gen., for plaintiff.

Ben Margolis, Los Angeles, Cal., for defendants, Oleta O'Connor Yates, Mary Bernadette Doyle, and Albert Jason Lima.

Norman Leonard, San Francisco, Cal., for defendants, Loretta Starvus Stack, Ernest Otto Fox, also known as Ernest Otto Fuchs, and Frank Carlson, also known as Solomon Szkolnick.

Leo A. Branton, Jr., Los Angeles, Cal., for defendants, Henry Steinberg, Ben Dobbs, also known as Benjamin Isgur, and Carl Rude Lambert.

A. L. Wirin, Los Angeles, Cal., for defendants, Al Richmond, also known as Abraham Richman, Rose Chernin Kusnitz, and Frank Efroim Spector.

Alexander H. Schullman, Los Angeles, Cal., for defendants, Philip Marshall Connelly and Dorothy Healey Connelly, charged as Dorothy Rosenblum Healey.

MATHES, District Judge.

Defendants, fifteen in number, stand charged with conspiracy to commit offenses against the United States, 18 U.S.C. § 371 prohibited by the Smith Act, 54 Stat. 670, Act June 28, 1940, 18 U.S.C. (1946 ed.) § 10, 18 U.S.C. (1948 ed.) § 2385, "by * * * advocating and teaching the duty and necessity of overthrowing the Government of the United States by force and violence * * *."

In preparing their defense to that indictment defendants have caused the Clerk to issue a subpoena duces tecum pursuant to

Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., directing plaintiff and the United States Attorney to bring to the trial

"All documents, books, papers and objects (except memoranda prepared by Government counsel, and documents or papers solicited by or volunteered to Government counsel which consist of narrative statements of persons or memoranda of interviews), obtained by Government counsel, in any manner other than by seizure or process, (a) in the course of the investigation by the Grand Jury or Grand Juries which returned indictments herein, and (b) in the course of the Government's preparation for the trial of these causes, if such books, papers, documents and objects, (a) have been presented to the Grand Jury or Grand Juries; or (b) are to be offered as evidence on the trial of the defendants herein, or any of them, under said indictments."

Defendants have also filed a motion pursuant to Rule 17(c) for "an order fixing a time and place prior to the trial * * * for the production and inspection of the * * * documentary evidence" described in the subpoena duces tecum.

The Government has countered with a motion to modify the subpoena upon the ground inter alia that "compliance would be unreasonable" within the meaning of Rule 17(c). Specifically, the Government moves to modify the subpoena to such extent as may be necessary to provide "adequate safeguards * * * to protect against disclosure of the identity of informants * * *."

It is conceded that the United States Attorney has permitted the defense to inspect without contest a large number of documents. Indeed the Government contends it has now responded fully to the subpoena duces tecum, by permitting inspection of all except writings "which cannot now be identified · without danger of disclosing the identity of confidential informants * * * [and] documents intended for use as impeaching or rebuttal documents."

The court has ·ordered these excepted writings delivered under seal to the judge for examination *in camera* cf. United States v. De Normand, 2 Cir., 1945, 149 F.2d 622, 625, certiorari denied, 1945, 326 U.S. 756, 66 S.Ct. 89, 90 L.Ed. 454; Id., 1947, 330 U.S. 822; 67 S.Ct. 769, 91 L.Ed. 1272; United States v. Cohen, 2 Cir., 1945, 148 F.2d 94, certiorari denied, 1945, 325 U.S. 852, 65 S.Ct. 1087, 89 L.Ed. 1972; United States v. Ebeling, 2 Cir., 1944, 146 F.2d 254, 257, and the questions now for determination are (1) whether defendants' motion for inspection in advance of trial should be granted as to the writings in dispute and (2) whether the subpoena duces tecum should be modified to the extent requested.

It is to be noted, as counsel for defense points out, "no claim is made * * * that the documents in question involve any state secrets [cf. 8 Wigmore, Evidence § 2378 (3d ed. 1940)], defense information or matters affecting the national security" cf. Zimmerman v. Poindexter, D.C.Hawaii, 1947, 74 F.Supp. 933. Nor is inspection sought to be denied by reason of any executive or administrative regulation or order, see Touhy v. Ragen, 1951, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417; Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Ex Parte Sackett, 9 Cir., 1935, 74 F.2d 922.

The Government invokes here the public policy favoring protection from disclosure of the identity of one who serves as an informer to law enforcement officials. See Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Vogel v. Gruaz, 1884, 110 U.S. 311, 316, 4 S.Ct. 12, 28 L.Ed. 158; 8 Wigmore, Evidence § 2374, 3d ed. 1940. But the "confidential informants," whose identity inspection of the disputed writings might disclose, are persons who may have testified before the grand jury which returned the indictment and will probably be called at the trial to lay evidentiary foundation for introduction of the documents. Thus they promise ultimately to become "something more" than mere informers. Cf. Sorrentino v. United States, 9 Cir., 1947, 163 F.2d 627; Wilson v. United States, 3 Cir., 1932, 59

F.2d 390. And of course their "confidential" character cannot survive their expected appearance as witnesses at the trial.

Defendants urge that in these circumstances they are entitled as of right to inspect the documents in question under the authority of Bowman Dairy Co. v. United States, 1951, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879, since the subpoena at bar is "in the precise form and content" of the subpoena involved there. Such an interpretation of the opinion in that case would enlarge the holding as to what is "subject to subpoena" into a holding as to what may be inspected prior to trial.

In the Bowman opinion, after pointing out that Rule 16 of the Federal Rules of Criminal Procedure provides "a limited right of discovery," the Court declares that: "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. * * * Rule 17 (c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials." Id. 341 U.S. at page 220, 71 S.Ct. at page 679.

As observed in the opinion of the Court of Appeals, Id., 7 Cir., 1950, 185 F.2d 159, 162–163: "The history of the development of Rule 16 shows that the limitations appearing therein were deliberately inserted." Furthermore, the notes of the Advisory Committee appended to Rule 16, 18 U.S. C.A. p. 224 state that even with respect to the limited discovery therein provided: "The entire matter is left within the discretion of the court." See United States v. Schiller, 2 Cir., 1951, 187 F.2d 572, 575.

What a defendant may move to "inspect and copy or photograph" pursuant to Rule 16 is expressly limited to material "obtained from or belonging to the defendant or obtained from others by seizure or by process," and such inspection is conditioned *ex vi termini* "upon a showing that the items sought may be material to the preparation of * * * defense and that the request is reasonable." What additional material may be subjected to a de-

fendant's inspection prior to trial depends upon proper interpretation of the last sentence of Rule 17(c): "The court may direct that, books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

The sentence just quoted appeared in the preliminary draft of the rules as the last sentence of proposed Rule 20(b), and the appended note of the Advisory Committee explains: "The last sentence provides for a method by which the court may permit either side to inspect subpoenaed documents or objects under the supervision of the court. It is inserted in the interests of fairness and for the purpose of preventing delay during the trial, particularly in cases where numerous documents may have been subpoenaed." Federal Rules of Criminal Procedure—Preliminary Draft pp. 104–105, 107–108 (1943).

█ It seems clear then that whether materials subject to subpoena are to be produced and inspected prior to trial rests within the discretion of the trial court. Adopting a characterization from Mr. Chief Justice Marshall, defendants' motion to inspect is addressed "to the discretion of the court * * * not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." United States v. Burr, C.C.Va., 1807, 25 Fed.Cas. pages 30, 35, No. 14,692 d.

█ Proper exercise of discretion in dealing with the problem here requires that the public policy favoring protection of the identity of informers be weighed against the defendants' interest in an inspection of the documents preparatory to trial. See Langnes v. Green, 1931, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520; Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 1949, 174 F.2d 834, 836, certiorari denied, 1949, 338 U.S. 867, 70 S.Ct.

142, 94 L.Ed. 531. This involves a balancing of the inconvenience of disclosure in advance of trial against the inconvenience of preparing the defense without benefit of inspection. Cf. Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 844–845. The latter factor is to be measured largely by an appraisal of the probative value of the writings—what inspection in advance of trial might mean to preparation of defense.

■ Documents such as purported Communist Party membership cards would furnish scant aid to preparation of defense, other than to supply a partial list of intended prosecution witnesses. But only persons "charged with treason or other capital offense" are entitled as of right to be furnished "before commencement of trial" with names of "the witnesses to be produced on the trial for proving the indictment". 18 U.S.C. § 3432; Wayne v. United States, 8 Cir., 1943, 138 F.2d 1, certiorari denied, 1944, 320 U.S. 800, 64 S.Ct. 429, 88 L.Ed. 483; Jones v. United States, 9 Cir., 1908, 162 F. 417, 420, certiorari denied, 1908, 212 U.S. 576, 29 S.Ct. 685, 53 L.Ed. 657; United States v. General Petroleum Corp., D.C.S.D.Cal.1940, 33 F.Supp. 95, 99; United States v. Pierce, D.C.N.D.N.Y.1917, 245 F. 888, 890.

Defendants press the fact, however, that the "documentary evidence, allegedly identifying the informant * * * has concededly been presented to the grand jury or will be offered into evidence at the trial * * * where disclosure of the identity of the informant will be made * * * in order to lay the foundation for the introduction of the document."

■ Even if the informants were certain to·be called as prosecution witnesses and their identities thus necessarily disclosed as defendants say "in a comparatively short period of time," it is my opinion that the public policy favoring protection of identity should operate to prevent disclosure prior to the time when the informer becomes witness. Ample basis in reason for this holding exists in the fact that the Government may finally elect not to use a given document rather than reveal the identity of the informer. See United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 638–639; United States v. Krulewitch, 2 Cir., 1944, 145 F.2d 76, 78–79, 156 A.L.R. 337; United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503, 506.

■ Moreover, the public policy under discussion only forbids non-essential disclosure. Disclosure may always be compelled in cases where identity of the informer appears "essential to the defense". Scher v. United States, supra, 305 U.S. at page 254, 59 S.Ct. at page 176; cf. United States v. Coplon, supra, 185 F.2d at pages 638–639; United States v. Grayson, 2 Cir., 1948, 166 F.2d 863, 870; Sorrentino v. United States, supra, 163 F.2d at page 627; United States v. Beekman, 2 Cir., 1946, 155 F.2d 580, 584; United States v. Andolschek, supra, 142 F.2d at page 506; Wilson v. United States, supra, 59 F.2d at page 392.

■ Necessarily, then, denial of pretrial inspection does not preclude further applications for inspection during the course of the trial. See Shores v. United States, supra, 174 F.2d at page 844; United States v. Schiller, supra, 187 F.2d at page 575; cf. United States v. Krulewitch, supra, 145 F.2d at page 78.

■ Furthermore, since defendants may not, as a matter of right, compel disclosure of the Government's evidence in advance of the trial, Goldman v. United States, 1942, 316 U.S. 129, 132, 62 S.Ct. 993, 86 L.Ed. 1322; United States v. Kushner, 2 Cir., 1943, 135 F.2d 668, 673, certiorari denied, 1943, 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850; United States v. Greater Kansas City, etc., Ass'n, D.C.W.D.Mo. 1949, 85 F.Supp. 503, 512; United States v. Foster, D.C.S.D.N.Y.1948, 80 F.Supp. 479, 486, the court will take appropriate measures within judicial discretion to protect the rights of the defense in event of undue surprise. See Rubio v. United States, 9 Cir., 1927, 22 F.2d 766, 767–768, certiorari denied, 1928, 276 U.S. 619, 48 S.Ct. 213, 72 L.Ed. 734.

"Discretion," to borrow the language of Mr. Justice Sutherland, "denotes the absence of a hard and fast rule. The Styria

v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027. When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily * * * but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." Langnes v. Green, supra, 282 U.S. at page 541, 51 S.Ct. at page 247.

■ What has been said deals with pre-trial inspection of writings intended "to be offered in evidence on the trial of the defendants." As to writings not to be used at the trial but which "have been presented to the Grand Jury," the policy against non-essential disclosure of informants is buttressed by the equally strong public policy favoring secrecy of grand jury proceedings. Goodman v. United States, 9 Cir., 1939, 108 F.2d 516, 519, 127 A.L.R. 265; In re Charge to Grand Jury, C.C.Cal.1872, 30 Fed.Cas. 992, 995, No. 18,255; United States v. American Medical Ass'n, D.C.D.C.1939, 26 F.Supp. 429, 430; United States v. Amazon Industrial Chemical Corp., D.C.Md.1931, 55 F.2d 254, 261.

■ As to writings intended to be used by the prosecution for rebuttal or impeachment purposes, there appears no good reason for pre-trial inspection. Such documents could not ex natura rei aid preparation of the defendants' case other than in a negative way. "The function of rebuttal", as the court observed in United States v. Crowe, 7 Cir., 1951, 188 F.2d 209, 213, "is to explain, repel, counteract or disprove adversary's evidence." And evidence introduced to impeach a witness is ordinarily limited to that purpose. Kemp v. Government of Canal Zone, 5 Cir., 1948, 167 F.2d 938, 940; United States v. Angelo, 3 Cir., 1946, 153 F.2d 247, 250-251; United States v. Graham, 2 Cir., 1939, 102 F.2d 436, 442, certiorari denied, 1939, 307 U.S. 643, 59 S.Ct. 1041, 83 L.Ed. 1524; Merrill v. United States, 9 Cir., 1925, 6 F.2d 120, 121.

It is to be remembered also that the prosecution cannot determine, until the defense has introduced witnesses and evidence, what if any rebuttal or impeachment will be called for. Hence writings relating to possible rebuttal or impeachment are essentially in an area where the surprise element is unavoidable; and, moreover, desirable as a force tending to keep both sides within the narrow confines of the truth. See: The Practical Operation of Federal Discovery, 1952, 12 F.R.D. 131, 156-157; 3 Wharton, Criminal Evidence, pp. 2219-2222 (11th Ed. 1935); cf. Arnstein v. United States, 1924, 54 App.D.C. 199, 296 Fed. 946, 950, certiorari denied, 1924, 264 U.S. 595, 44 S.Ct. 454, 68 L.Ed. 867.

■ The considerations just mentioned bespeak the soundness of the conclusion that avoidance of pitfalls in impeachment or rebuttal is not an end which pre-trial discovery is purposed to further. See Hickman v. Taylor, 1947, 329 U.S. 495, 507-508, 511-513, 519, 67 S.Ct. 385, 91 L.Ed. 451; Carpenter v. Winn, 1911, 221 U.S. 533, 541, 545, 31 S.Ct. 683, 55 L.Ed. 842; Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 978, certiorari denied, 1950, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; United States v. Rosenfeld, 2d Cir., 1932, 57 F.2d 74, 77, certiorari denied sub nom. Nachman v. United States, 1932, 286 U.S. 556, 52 S.Ct. 642, 76 L.Ed. 1290.

■ For the above reasons, defendants' motion to inspect documentary evidence prior to trial will be granted as to Government's exhibits numbered for identification 1 to 214 inclusive; and denied as to Government's exhibits numbered for identification 215 to 251 inclusive. Plaintiff's motion to modify the subpoena duces tecum will be granted as to Government's exhibits numbered for identification 215 to 251 inclusive.

■ All exhibits withheld from inspection and not offered in evidence at the trial shall be sealed by plaintiff and filed with the Clerk, and shall remain secret under seal pending further order of court. Any exhibits so withheld and sealed shall, upon application of any defendant, be made part of any record on appeal in this cause for inspection in camera by the Court of Ap-

peals, to enable the appellate court to determine whether inspection has been erroneously withheld. Cf. United States v. De Normand, supra, 149 F.2d at page 625.