### UNITED STATES v. WARD

United States District Court
S. D. New York.
March 26, 1954.

J. Edward Lumbard, U. S. Atty., New York City, by Arnold Bauman, Arthur H. Christy, Asst. U. S. Attys., New York City, of counsel, for plaintiff.

Leo Kaplan, New York City, for defendant.

GODDARD, District Judge.

Motion by defendant, John Ward, for the production prior to trial of certain documents requested in subpoenas served on the government pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The subpoenas call for the production of:

(a) Income tax returns filed by John White, John Kehoe and Michael Wheeler, as individuals and doing business as John White & Co. for the tax year 1951.

(b) The books and records of various trucking companies reflecting payments to the defendant, Allied Stevedoring Corp. during 1951.

(c) Statements made to the government by John White, John Kehoe, Michael Wheeler and Jos. Feinbaum.

(d) All documents obtained by the government other than by seizure or process (1) in the course of the grand jury investigation and (2) in the course of the government's preparation for trial if (a) they were presented to the grand jury, or (b) they are to be offered as evidence.

The indictment charges the defendants, Allied Stevedoring Corp., and John Ward, John Potter and Michael Bowers, officers of Allied, with wilfully attempting to evade income taxes owing by Allied for the year 1951, by filing a fraudulent return, wherein "they alleged that the net income of the corporation for the said calendar year was the sum of $137.49, and that the total amount of tax due thereon was the sum of $39.-53, whereas as they then and there well knew, the net income of the corporation for the said calendar year was $71,846.-07, upon which said income the corporation owed to the United States of America a total tax of $43,331.61."

A motion for a bill of particulars was granted to the extent of requiring the government to state the general sources of the additional income of the corporation. The bill of particulars stated that the additional income was obtained from trucking companies in and

around New York City for Allied's services as a "public loader" and from other "public loaders" and from rental on machinery to these public loaders.

Rule 17(c) provides that:

"The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys."

The leading case on the use of Rule 17(c) to effect pretrial production of papers in the possession of the government is Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 679, 95 L.Ed. 879. Therein, after the district court had ordered extensive production prior to the trial, the Supreme Court largely upheld the action of the district court. It held that the papers and documents were subject to subpoena, so long as they were evidentiary. As it said, the chief innovation of Rule 17(c) "was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials."

■ However, speaking of the Bowman Dairy decision, in Remmer v. United States, 9 Cir., 1953, 205 F.2d 277, 284, the court declared:

"The Supreme Court in that case held that the trial court had the power to order the Government to produce certain documents. It did not hold that a refusal to grant the motion to produce would have been an abuse of discretion."

It seems clear that whether materials subject to subpoena are to be produced and inspected *prior to trial* rests within the sound discretion of the court. United States v. Schneiderman, D.C., 104 F.Supp. 405; United States v. Mesarosh, D.C., 13 F.R.D. 180, 184. Rule 17(c) by its very language does not require the court to order such production, but permits it to do so.

■ But Rule 17(c) is not a discovery provision. United States v. Maryland & Virginia Milk Producers' Ass'n, D.C., 9 F.R.D. 509; United States v. Schneiderman, supra, 104 F.Supp. at page 408; United States v. Mesarosh, supra, 13 F.R.D. at page 183. Where the subpoena is not intended to be used to secure evidence to be used at the trial but rather is intended to be employed as a broad discovery for the purposes of inspecting all the documentary evidence in possession of the government and which the government intends to use at the trial, it may be denied. United States v. Maryland & Virginia Milk Producers' Ass'n, supra. The decision in the Bowman Dairy case supports the granting of pretrial inspection only to the extent that a good faith effort is made to obtain evidence. United States v. Mesarosh, supra.

Defendant seeks the income tax returns of White, Kehoe, and Wheeler for the year 1951. It is alleged that Wheeler and White testified before the New York State Crime Commission in January, 1953 that they made payments on behalf of White & Co. to Allied. Defendant says it is important to see whether these payments were reported on their returns. The government claims privilege, asserting that such disclosure is forbidden by statute, Title 26 U.S.C.A. § 55. Defendant relies on United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503. The Andolschek case held that in a prosecution of a crime consisting of the very matters recorded in the documents claimed to be privileged, or of matters nearly enough akin to make relevant the matters recorded, the government must make those documents available at the trial or forego the prosecution. Of course, the documents must be relevant. United States v. Beekman, 2 Cir., 1946, 155 F.2d 580.

However, whether these returns must be made available at the trial is not the

question before me. The question here is the right to pretrial inspection. That different rules may apply to pretrial production than for production at the trial was recognized by the court in United States v. Krulewitch, 2 Cir., 1944, 145 F.2d 76, at page 78, 156 A.L.R. 337. This is as it should be.

The privilege asserted is a valid and a salutary one, preventing as it does free disclosure of confidential information required to be reported for tax purposes. The defendant seeks these returns, anticipating that these individuals may be called to testify at the trial. But there is nothing to indicate to me that they will be called. As the court stated in United States v. Iozia, D.C., 13 F.R.D. 335, at page 340:

"Should any of the persons testify upon the trial, the documents will be available for inspection by the Court in camera to determine whether they contain matter helpful to the defense. Experience demonstrates that this procedure causes no undue delay in the progress of a trial and it affords full protection to the defendant."

It seems to me to be unwise to reject the claim of privilege and to order the production of these confidential documents prior to the time when it will, if at all, appear relevant and necessary to the defense. The denial of pretrial inspection of course does not preclude further application for inspection during the trial. United States v. Schneiderman, supra, 104 F.Supp. at page 409.

■ I cannot see that these documents are relevant at this time, and since I can see no prejudice to the defendant by a denial at this time, I so deny this part of the motion.

For the same reasons, part (c) of the subpoena, calling for the statements given to the government is also denied. It is true that in Fryer v. United States, D.C.Cir., 1953, 207 F.2d 134, the court held that the statements of the government witnesses were evidentiary within the meaning of the Bowman Dairy case, and so subject to subpoena. With that there is no dispute. The court there held that it was error to refuse the production of these statements prior to trial and remanded to the district court to determine whether the denial was prejudicial. One judge in the Fryer case dissented, disagreeing with the majority in its interpretation of Rule 17(c). Insofar as the court's opinion in the Fryer case may be read to hold that *in all cases* such production is a matter of right, it is at variance with the very language of Rule 17(c). I do not so read it.

■ Rule 17(c) is not in terms mandatory. At the Proceedings of the Institute on Federal Rules of Criminal Procedure, speaking of Rule 17(c), one of the participants declared "that the court *may, in the proper case,* direct that they [documents] be brought into court in advance of the time that they are offered in evidence, so that they may then be inspected in advance, * * *". Proceedings of the Institute on Federal Rules of Criminal Procedure, New York University School of Law Institute, Vol. 6, at p. 168. [Emphasis added.]

■ As above mentioned, it has been consistently held by the courts that such production is discretionary. This appears to be nothing more than an attempt to procure the exposure of the government's evidence prior to the trial. It has often been held that a defendant is not entitled as of right to compel disclosure of the government's evidence in advance of trial. Goldman v. United States, 316 U.S. 129 at page 132, 62 S. Ct. 993, 86 L.Ed. 1322; United States v. Kushner, 2 Cir., 1943, 135 F.2d 668 at page 673; United States v. Schneiderman, supra, 104 F.Supp. at page 409. As noted before, although the defendant assertedly seeks these statements for impeaching purposes, it is not evident as yet that these people will be called to testify. Should they be, these statements will no doubt be available to the defendant at the trial insofar as they may be impeaching or contradictory, up-

on a proper foundation being laid. Cf. Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447; United States v. Krulewitch, supra; United States v. Cohen, 2 Cir., 1944, 145 F.2d 82 at page 92; United States v. Ebeling, 2 Cir., 1944, 146 F.2d 254.

In the meantime, I believe that United States v. Iozia, supra, 13 F.R.D. at page 340, aptly stated it, when it remarked that the cases do not require "in advance of, and in preparation for, trial a disclosure to a defendant of information which may tend to impeach persons the Government may or may not call as witnesses."

■ Concerning part (b) of the subpoena, which calls for the books and records of various trucking companies reflecting payments to Allied during 1951, I think this should be granted. Rule 17(c) was designed to permit the examination of voluminous documents before trial to prepare the defense. United States v. Iozia, supra, of course requires that good cause be shown.

■ In a case such as this where the indictment and bill of particulars are not fully informative, and it appears that these records will be material and will more definitely inform the defense of the time of payment and nature of the income allegedly unreported, and where it appears that this information may not be available elsewhere to the defense, I believe that it is in furtherance of justice and the expedition of the trial to allow the defense to inspect them prior to the trial. The motion to produce is granted as to part (b) of the subpoena.

■ Part (d) of the subpoena appears to be an attempt to rummage around in the files of the government and this the defendant may not do. United States v. Iozia, supra; United States v. Maryland & Virginia Milk Producers' Ass'n, supra.

Motion granted in part and denied in part, as indicated.

Settle order on notice.