915

**FIREMAN'S FUND INDEMNITY CO. v.
UNITED STATES et al.**

P–Civ. Nos. 366, 367, 368.

United States District Court
N. D. Florida, Pensacola Division.

April 3, 1952.

Fisher & Hepner, Pensacola, Fla., Wm. Fisher, Jr., Pensacola, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

These cases came on to be heard before the court on motions of libellant, under Admiralty Rule 32, 28 U.S.C.A., to require respondent to produce for inspection, copying or photographing, on behalf of libellant, statements of all witnesses made to investigating Naval officers or civilian personnel employed by the United States Navy, during the course of the investigation of the accident involved in these suits and the testimony of all witnesses before the Navy Court of Inquiry convened to investigate the accident, as well as all exhibits pertaining to said accident offered and received in evidence before said Court of Inquiry.

The Secretary of the Navy has filed with the court a memorandum asserting the privileged and confidential status of these records and declined to permit their production in response to the motions filed herein. The privilege is claimed under 5 U.S.C.A., § 22, and Article 1251 U. S. Navy Regulations, 1948, as amended. The section of the Code referred to above is as follows: *"Departmental regulations.* The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

The regulations referred to above vest in the Secretary of the Navy the authority to claim the privilege, which he here asserts and there is no question as to the right of the Secretary of the Navy to decline to produce the records where the public interest demands such action. Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Bank Line v. United States, 2 Cir., 163 F.2d 133.

Where such action is justified, however, in cases in litigation, it is as ap-

plicable to the government counsel as to others. During the course of the argument in these cases the court gained the impression that the Navy had already furnished proctor for respondent with all the documents which proctor for libellant seeks authority to inspect and copy or photograph. If this is true, these documents have lost their privileged and confidential status. Pacific-Atlantic S. S. Co. v. United States, 4 Cir., 175 F.2d 632.

The motions filed in these cases make a showing of good cause for the inspection of the documents requested by proctor for libellant. The vessel on which this accident occurred was owned by the United States and completely in charge of Navy personnel. Practically all the evidence pertaining to the accident is contained in the records demanded by proctor for libellant and not otherwise available to him in his preparation of these cases for trial. To furnish these records to proctor for respondent for use by him in defending these cases and declining to make them available to proctor for libellant for use by him in his preparation of the cases for trial would be an act on the part of the Secretary of the Navy that would obstruct the administration of justice under law and should not be countenanced by any court.

If none of the documents requested by proctor for libellant have been furnished to proctor for respondent the motions filed by proctor for libellant in these cases will be denied. On the other hand, if proctor for respondent has been furnished with the documents, or any of them, which proctor for libellant requests the authority to inspect, copy or photograph, an order will be entered herein requiring the proctor for respondent to make such documents available to proctor for libellant for inspection, copying or photographing, as he should desire.

Proctor for respondent is directed to file in each of these cases a statement as to whether or not any of these documents requested in the motions filed herein have been furnished to him, and, upon the filing of such statement an appropriate order will be entered herein.