**590**

UNITED STATES of America,
Petitioner,

v.

Hugh A. McGOVERN, Brian A. Mehler,
Lynn O. Wright, Joseph J. Chwastyk,
William Zewe, Respondents.

Civ. A. No. 80–0560.

United States District Court,
M. D. Pennsylvania.

Aug. 13, 1980.

See also D.C., 87 F.R.D. 582; D.C., 87 F.R.D. 584.

J. Andrew Smyser, Asst. U. S. Atty., Harrisburg, Pa., Robert J. Franzinger, Robert D. Nesler, Dept. of Justice, Federal Programs Branch, Civ. Div., Washington, D. C., for petitioner.

Smith Barton Gephart, Harrisburg, Pa., Harry H. Voigt, LeBoeuf, Lamb, Leiby & MacRae, Washington, D. C., for respondents.

MEMORANDUM

RAMBO, District Judge.

On June 2, 1980, petitioner filed a motion seeking enforcement of subpoenas issued on respondents by the Nuclear Regulatory Commission (hereafter NRC), pursuant to 42 U.S.C. § 2201(c).[1] This court issued an order to show cause on June 3, 1980, requiring respondents or their respective counsel to present evidence why they should not be required to comply with the NRC subpoenas. On June 18, 1980, a protective order requested by petitioner was granted and an evidentiary hearing was held on June 20, 1980, to determine if the purpose for the issuance of the NRC subpoenas was proper and enforcement thereof warranted. In a memorandum dated July 2, 1980, this court held that although the court found the investigation had a legitimate purpose, the inquiry was relevant to that purpose, and the NRC had followed the proper procedures, it was not yet satisfied that the information sought was not already in the possession of the NRC via other reports. As a result, the court directed petitioner to specify what information it sought that was *not* already in the NRC's possession.

On July 10, 1980, petitioner was afforded the opportunity to present evidence supportive of its position that the NRC did not presently possess the information it hoped to obtain from the subject subpoenas. During the hearing, respondents requested a copy of a document allegedly consisting of some twenty or thirty questions prepared by Dr. Henry Myers (hereafter Myers document), Staff Director of the Subcommittee on Energy and Environment, House Committee on Interior and Insular Affairs. Petitioner initially agreed to supply respondents with a copy of the Myers document but has since reconsidered the effect of such a disclosure and presently oppose the motion for production of documents. This memorandum will address the motion for production of documents as well as whether or not petitioner is entitled to enforcement of the subpoenas.

I. *MOTION FOR PRODUCTION OF DOCUMENTS*

The basis for respondents' motion for production of documents was twofold; first, respondents claimed production was proper discovery under the Federal Rules of Civil Procedure (specifically Rules 26 and 34), and second, that the information had been requested by respondents and should properly have been provided under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

█ In support of their allegation that the document requested should be produced pursuant to the general discovery procedures described in Rules 26 and 34 of the Federal Rules of Civil Procedure, respondents cite *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958) and *Fleming v. Bernardi*, 1 F.R.D. 624 (N.D.Ohio 1941). As pointed out by petitioner, these cases involved discovery in comprehensive civil actions, not subpoena enforcement proceedings. Only where the respondent in a subpoena enforcement proceeding has successfully put in issue the legitimacy of the agency's purpose is discovery permissible. *N.L.R.B. v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3rd Cir. 1979). The party to whom the subpoena is addressed must sufficiently articulate facts suggesting that the subpoena is intended *solely* to serve improper purposes. *United States v. La-Salle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *Donaldson v. United States*, 400 U.S. 517, 533, 91 S.Ct. 534, 543, 27 L.Ed.2d 580 (1971); *N.L.R.B. v. Interstate Dress Carriers*, 610 F.2d 99, 112 (3rd Cir. 1979). The court has not waivered in its opinion as expressed in its memorandum dated June 23, 1980, that discovery is not warranted in this case as respondents have not sufficiently articulated facts that indicate a *solely* improper purpose.

Respondents' second argument in support of their motion for production of documents

---

1. The subpoenas were issued by Mr. Victor Stello, Director of the Office of Inspection and Enforcement for the NRC on the basis of a special delegation of authority by the NRC. He does not have a standing delegation of authority to issue subpoenas.

is that they are entitled to the document under the FOIA. Respondents contend that the petitioner has waived any privilege it may have been entitled to under the FOIA, not only by instituting suit but by failing to exercise the privilege within the applicable time period; that even if the privilege were not waived, counsel for the government is not the proper party to exert the privilege; that the document requested is not subject to the court's protective order dated June 18, 1980; that the respondents have effectively exhausted their administrative remedies and are properly before the court; and finally that judicial expediency would be best served by deciding this issue now, rather than require a separate trial. Petitioner alleges that the document is covered by the court's protective order of June 18, 1980, that the issue of a violation of the FOIA is a separate issue and should not be used to delay this enforcement proceeding; and that the document is properly excluded from the purview of the FOIA under 5 U.S.C. § 552(b)(7).

▮ The issues are somewhat narrowed in this case by the fact that petitioner has provided the document in question, the Myers document, to the court for *in camera* inspection. After a comprehensive study of the questions propounded in the Myers document, the court is of the opinion that it does not indicate in any manner that petitioner is already in possession of the information it seeks under the subpoena or that the subpoenas were issued for an improper purpose. Since the *sole* reason, for purposes of this action, to disclose the Myers document to respondents would be to assist them in refuting petitioners' contention that it does not have the subpoenaed information, the question of whether respondents are entitled to the Myers document for any reason becomes moot.[2] Since the

Myers document, on its face, does not indicate petitioner's possession of the subpoenaed information, any other use by respondents sounds in discovery, which this court has declared, *ad nauseam*, is not warranted.

The court feels obliged at this point to remind respondents of the nature and posture of this case. It is indeed a summary proceeding for enforcement of subpoenas in which a prior request for discovery was, in the opinion of the court, properly denied. (See Memorandum and Order dated June 23, 1980). After three hearings[3], respondents have yet to articulate any sufficient reason to grant them the opportunity to conduct discovery. They have, however, availed themselves of every opportunity to circumvent this court's ruling on that issue.

Accordingly, respondents' motion for production of documents will be denied.

## II. *PETITION FOR ENFORCEMENT OF SUBPOENAS*

▮ In this court's Order of July 2, 1980, petitioner was directed to "address the specific issue of whether or not petitioner is now in possession of the information requested in its subpoenas directed at respondents", in a hearing to be held on July 10, 1980. In a memorandum accompanying the July 2, 1980 Order, this court indicated that "Respondents' counsel will be given an opportunity to refute any evidence offered, either by way of cross–examination or rebuttal witnesses."

At that time the court made the determination that petitioner had met all of the requirements set forth in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), for the enforcement of its subpoenas, except showing that it was not in possession of the information it hoped to obtain from the subpoenas. While petition-

---

2. Thus, respondents' contention that petitioner's alleged violation of the FOIA is relevant to this action and should be determined concurrently loses its validity.

3. The first hearing was held on June 18, 1980, to determine whether or not respondents were entitled to discovery or petitioner was entitled to a protective order. On June 20, 1980, an

evidentiary hearing was held to determine if the subpoenas issued by petitioner should be enforced. On July 10, 1980, a second evidentiary hearing was held to determine the sole issue of whether or not petitioner already possessed the information it sought to gather from the enforcement of the subpoenas.

er alleged, generally, that the information presently in its possession concerning the issue of information transfer was vague, incomplete and inconsistent, the court felt compelled, in light of its duty as set forth in *W. L. Wearly v. F.T.C.*, 616 F.2d 662 (3rd Cir. 1980), to require petitioner to be more specific.

It was not the intent of the court to require petitioner to be so specific as to give the precise questions it intended to ask respondents. Nor was it the intent of the court to require petitioner to divulge the specific areas of anticipated questioning in such a manner that would compromise the purpose of petitioner's investigation. The court did expect petitioner to support, with several *specific* examples, its general statements that it did not presently possess the information it sought from the subpoenas.

At the hearing on July 10, 1980, petitioner identified specific questions, to which it presently has inconclusive answers, and specific areas, which presently have not been addressed. In addition, petitioner has given the court for *in camera* inspection, a copy of the list of questions propounded by its task force that it intends to pose to each of the respondents. The court is convinced, based upon petitioner's testimony at the hearing, a review of the Myers document and the questions propounded by petitioner's task force, coupled with a review of the segments of the existing reports, that petitioner is not presently in possession of the information it hopes to gain from the subject subpoenas. It is true that the subject of information transfer has been discussed, both generally and in some detail, in prior reports; the results of those discussions in several important areas, however, are not conclusive.

■ Petitioner is burdened with the responsibility of establishing sound policy and procedures for the nuclear power industry and for the enforcement of those policies and procedures. The accident at Three Mile Island brought petitioner under criti-

cism for not having comprehensive and effective procedures for accurate and timely information transfer. Petitioner also was chastised for allowing improperly or insufficiently trained personnel to operate nuclear facilities. To deny petitioner the opportunity to gather relevant information for these undeniably proper purposes would be to thwart its effort to better execute its responsibilities. Petitioner has shown it does not possess the information it seeks and respondents will not be permitted to embark upon yet another attempt at discovery. In addition, there is a large and very real public interest in having an expeditious and comprehensive investigation of the Three Mile Island incident, with the expectation that precautions may be taken to prevent a reoccurrence or diminish its seriousness. To allow respondents to unjustifiably delay the NRC investigation works a cognizable prejudice on that public interest.

The court, once satisfied that the requirements of *Powell* are met, should not disrupt the expeditious discharge of an agency's responsibilities. *Interstate Dress, supra*, at 312. Accordingly, petitioner's request for enforcement of the subpoenas will be granted.[4]

---

4. The court, convinced that petitioner does not possess the information it seeks from subpoenas issued on respondents, sees no purpose

being served by recalling Mr. Stello to have respondents cross–examine him with respect to the Myers document.